### Z. H. GUY ET AL. v. M. C. METCALF ET AL.

#### No. 3321.

1. **Parties.**—Metcalf and husband sued Guy and his sureties for one-third interest in her mother's estate, which Guy was administering as community property. The other defendants were Guy's sureties upon his bond. Defendants excepted for want of necessary parties, there being two sons, who were minors, who were equally interested with plaintiff in their mother's share of the community. The exceptions were sustained. The minors were then made parties, the original parties amending and as next friend making them parties. Under such circumstances the defendants ought not to be heard to complain of the ruling of the court holding the minors to have been properly made parties; such ruling having been invoked by their own demurrer to the original petition. The minors, however, were proper parties plaintiff, and their interest was adverse to the defendants.

2. **Partition of Community Property Against Survivor.**—Under article 2183, Revised Statutes, it is well settled that the District Court has jurisdiction to enforce payment by the survivor, of the shares of parties entitled to the deceased's share of community after twelve months from the filing of the statutory bond by the survivor.

3. **Continuance.**—When the application for continuance is not statutory its refusal will not be revised on appeal, in absence of something to show abuse of the discretion used by the trial judge. See facts which do not show erroneous refusal.

4. **Reopening Evidence—Practice.**—The parties closed the evidence, and on the next day the trial judge, trying the case without a jury, called witnesses to testify touching credits claimed by the father against his minor sons, who were plaintiffs and asking their share in their mother's part in the community. The father was absent from the court when the witnesses were called, but had been notified by the judge of

his purpose. The witnesses were cross-examined; no request was made for time to controvert said witnesses, nor is their testimony attacked as untrue. *Held,* no ground for reversal on appeal.

APPEAL from Hunt. Tried below before Hon. E. W. TERHUNE. The opinion states the case.

*R. D. Thompson,* for appellants.—1. The court erred in permitting M. C. Metcalf and G. W. Metcalf to make O. L. Guy and C. L. Guy parties plaintiff, they being the minor sons of defendant Z. H. Guy, and the said Z. H. Guy and O. L. Guy having filed sworn pleas denying the right of said M. C. Metcalf and G. W. Metcalf to make said minors parties plaintiff. Said ruling was error; because, (1) said plaintiffs could not make said minors parties plaintiff against their protest; (2) because the court did not have jurisdiction of said minors' estate, and could not enforce any decree in their favor, should they recover as parties plaintiff. Their ages were 19 and 20 years. Sayles' Civ. Stats., arts. 2492, 2505, 2510.

2. New parties can not be brought in at such time or in such manner as unreasonably to delay the trial, and when new matter is pleaded calculated to take the opposite party by surprise, it is ground for continuance. Sayles' Civ. Stats., arts. 1193, 1209; 47 Texas, 619, rule 16; Cummings v. Rice, 9 Texas, 527; Fisk v. Miller, 13 Texas, 224; Cowan v. Williams, 49 Texas, 380; Railway v. Henning, 52 Texas, 466.

3. While it is usually left to the discretion of the court to hear further testimony at any time before argument is closed, this discretion does not extend beyond this limit, and can never be rightfully exercised in favor of either party so as to deprive the opposite party of his right to meet and refute or explain such testimony. Sayles' Civ. Stats., art. 1298; Cotton v. Jones, 37 Texas, 34; 1 Ct. App. C. C., sec. 32; 1 Thomp. on Trials, sec. 347.

*Evans & Hargrave,* for appellees.—1. A person under 21 years of age and over 14 years of age, and who has not selected a guardian, and who is without a legal guardian, can not repudiate the authority of a prochien ami to maintain a suit in his behalf.

2. When defendant to any action pleads non-joinder of parties, which plea is sustained, he can not be heard to object to an amended petition making them parties on the ground that they are not proper parties. Bank v. Scott, 16 S. W. Rep., 997; Railway v. Smith, 16 S. W. Rep., 963.

3. It is the duty of the judge, when minors are suing or defending, to use every means within his power to protect their rights. He sustains a different relation to minors suing by next friend than to persons sui juris, and the court is not limited in means to prevent the perpetration of a fraud upon them.

HOBBY, PRESIDING JUDGE, *Section A.*—M. C. Metcalf, joined by her husband, brought this suit for herself and as next friend for Oscar L. and C. L. Guy, against Z. H. Guy and the sureties on his bond as administrator of the community estate of his deceased wife Amanda Guy, their mother, to recover their interest in her estate, alleged to be about $2312.

Defendants filed a general and special denial, and among other things excepted to the petition on the ground that the minors were made parties plaintiff. This exception was overruled. The cause was tried by the court without a jury, and a judgment was rendered in favor of M. C. Metcalf and C. L. Guy for $500 each. From this judgment the defendants appeal.

The first assignment of error is, that the court erred in overruling defendants' exception to the petition on the ground that the minors were made parties plaintiff.

It appears from the record that this suit was originally instituted by Mrs. Metcalf, one of the appellees, for her individual interest or share in her mother's estate. The appellants demurred to the petition on the ground that the minors were necessary parties. This exception was sustained by the court, and she then made the minors parties plaintiff, their interest being adverse to the defendant Z. H. Guy.

It is evident that the fact that the minors O. L. and C. L. Guy were made parties plaintiff in this cause was the result of the action of the appellants in excepting to the petition first filed, because they were not therein joined as parties, and were necessary parties. Under such circumstances, the appellants ought not to be heard to complain of a ruling of the court invoked by their own demurrer. The minors were proper parties plaintiff. Their interest was adverse to the defendant Z. H. Guy. It is shown that they had no legal guardian, and they could only appear by a guardian ad litem or next friend.

That the District Court had jurisdiction under article 2183 of the Revised Statutes to require the community survivors to distribute the estate in a proper case, is well settled. Huppman v. Schmidt, 65 Texas, 585. And under this statute the minors are clearly entitled to such portion of the deceased's share of the community estate as was properly ascertained by the decree of the court to belong to them. In this case the judgment protected the minor's interest by directing the amount to be paid into court for the minor, and not to be paid to the next friend. City Railway v. Hewitt, 67 Texas, 473.

The next assignment is, that the court erred in overruling appellants' application for a continuance. The grounds on which the continuance was sought were, "that new parties had been made and defendants were taken by surprise, as all of Amanda Guy's estate was sued for instead of one-third, as in the original petition, and defendants did not have time to prepare their answer and procure testimony."

The statement made by the district judge in explanation of his ruling on the motion, is to the effect that he "informed appellants' counsel in the court below, on the day before the cause was tried, that he would overrule it, but would give him time to plead and get ready. He asked until 10 o'clock the next morning, June 25, which was given him. He did replead, and at 10 o'clock requested further time, which was also granted. At 11 o'clock the same day the case was called, and defendant announced that he supposed he would have to be ready. Then the trial began."

It does not appear that when the cause was called for trial on the following day, after the time requested had been given to write defendants' answer, that an application for a continuance was made. His objection on the preceding day was the alleged "surprise" occasioned by making the minors parties plaintiff, necessitating rewriting the answer and the production of other testimony. This objection had been removed by the court granting sufficient time for that purpose, if it can be said that the character of surprise which would authorize a continuance could grow out of facts or a condition brought about by the party claiming to be surprised.

If the continuance was desired to procure testimony, the application does not state the name or residence of any witness. It is not claimed that the application is within the statute. It is therefore one addressing itself to the sound discretion of the court, which it is well known will not be revised in the absence of something to show an abuse of discretion. There was no error in overruling it.

The fourth assignment is, that the court erred in reopening the testimony in this cause. The bill of exceptions on which this assignment is predicated recites, that "after the evidence had closed in this case the court of his own motion proceeded on the following morning, June 26, 1891, to reopen the testimony and examine a number of witnesses concerning the indebtedness of defendant Z. H. Guy to them on August 18, 1887."

The objections to this action on the part of the court are, "that the defendants' exhibits, showing the amount due these parties respectively by appellant Guy on August 18, 1887, had been on file among the pleadings in the cause for two days prior to the trial, and the persons called upon to testify resided in the city of Greenville, where the cause was tried, and could have been procured as witnesses on the trial." The further objection urged is, that "defendant Z. H. Guy had returned to his home the preceding evening, about ten miles distant."

The substance of the explanation made by the presiding judge is, that he announced to the parties on the afternoon of June 25, 1891, that he was not satisfied with the defendant's evidence as to the items set out in exhibits A and B in his answer. The court stated that appellant had produced no vouchers at all, and that the items were so large that, as

far as the minors were concerned, he deemed it his duty to see that their rights were protected, and that he would hear the testimony of the parties to whom the payments were charged to have been made in said exhibits the next morning, but stated that he would not consider such testimony as far as it affected Mrs. Metcalf's rights, she being an adult. The defendant Guy then asked the court if it was necessary for him to return the next morning, and was informed by the court that it was not absolutely necessary, as he was represented by counsel, but that he could use his pleasure.   The next morning the court called the parties before him to whom the payments were alleged to have been made, defendant's counsel being present, and found from the evidence that Z. H. Guy, in exhibits A and B, which were allowed against Mrs. Metcalf, had overcharged the minors as follows:  [This is followed by the names of the parties whom defendant Guy testified he owed, with the amount due each, as testified to by them, showing an overcharge against said minors aggregating the sum of $639.50.]  The defendants' counsel cross-examined the witnesses.

The appellants' objections to this mode of procedure on the part of the court were, briefly, that "his vouchers had been on file among the papers of the cause two days before trial, and the examination was had of the witnesses in his absence, and was ex parte."

It is quite obvious, from the foregoing explanation, that the complaint that the examination was ex parte is without foundation, as the defendants' counsel appears to have had and did avail himself of the opportunity to cross-examine each witness.  It is not claimed that there is any error in the facts stated by the witnesses, or that the result of the examination would have been different had the defendant been present.   Nor was there any request made for further time or opportunity to explain the overcharge.   We do not think the assignment of error relating to the court's action in this respect is well taken.

We conclude that the judgment should be affirmed.

*Affirmed.*