### E. A. BLOUNT v. ALICE F. BLEKER ET AL.

#### No. 1088.

1. **Deed—Description of Property—"All Interest"—Breach of Warranty—Mistake.**
    Where a general warranty deed describes the property as "all our interest in and to block 91, which interest is one-half of said block, more or less, being out of the north one-third," of a certain tract, it purports to convey one-half of said block, and not merely whatever interest the grantors might have therein; and the fact that, through mistake, the block actually falls outside of the north one-third of such tract, and for that reason alone the land covered by it is owned by other parties, will not absolve the grantor from liability on his warranty of title.

2. **Limitation of Two Years—Breach of Warranty.**
    The statute of two years' limitation is not applicable to an action brought for a breach of the covenants of warranty in a deed of land, nor to a suit in equity to recover on account of gross mistake, for a material deficiency in the quantity of land conveyed. Bass v. James, 83 Texas, 110, discussed.

3. **Parties—Warrantor may be Joined.**
    In an action to recover land, the plaintiff may join the adverse claimants of the land, and his warrantor, in order that one judgment may settle all the issues involved.

APPEAL from Harris. Tried below before Hon. S. H. BRASHEAR.

*Wm. H. Crank, Sr.,* for appellant.—1. The suit as against defendants Settegasts, was a suit on their covenants of warranty of title contained in their deed to Blount and not for deficiency in quantity of land conveyed or intended to be conveyed, and the court erred in assuming and charging it to be in effect a suit to recover purchase money for deficiency in quantity of land conveyed. Westrope v. Chambers, 51 Texas, 187; Emerson v. Navarro, 31 Texas, 339–40; Price v. Blount, 41 Texas, 473; Land Co. v. Simpson, 1

Texas Civ. App., 602; Wheeler v. Boyd, 69 Texas, 298; Pease v. Stone, 77 Texas, 533; Doyle v. Hord, 67 Texas, 623; Copeland v. Gorman, 19 Texas, 254.

2.   That this being an action on covenants of warranty against defendants Settegasts, it was not barred in two years from date of sale, as charged by the court, but by limitation of four years from the breach of warranty, and the court erred in applying limitation of two years to appellants' cause of action.   Rev. Stats., arts. 3205–3207; Emerson v. Navarro, 31 Texas, 340; Land Co. v. Simpson, 1 Texas Civ. App., 600; Smith v. Fly, 24 Texas, 349; Wheeler v. Boyd, 69 Texas, 298; Bellamy v. McCarthy, 75 Texas, 294; Doyle v. Hord, 67 Texas, 623; Copeland v. Gorman, 19 Texas, 256.

3.   This being a suit against appellees Bleker and House, in trespass to try title, and against appellees, the Settegasts, upon their covenants of warranty contained in their deed to appellant Blount, in the event that it should turn out that Bleker and House had the superior title to all or a material part of the land, appellant was clearly entitled to recover against the Settegasts for the amount paid for the same.   Land Co. v. Simpson, 1 Texas Civ. App., 600; Smith v. Fly, 24 Texas, 349; Wheeler v. Boyd, 69 Texas, 298; Bellamy v. McCarthy, 75 Texas, 294; Doyle v. Hord, 67 Texas, 623; Copeland v. Gorman, 19 Texas, 256.

*Stewart, Stewart & Lockett,* for appellees.—1.  The court correctly gave the first special charge asked by defendants W. J. and J. J. Settegast, which was in effect, that the deed from the Settegasts to Blount contained no covenant of warranty as to the quantity of land conveyed. A covenant of warranty must be in writing and must be express, and no covenant of warranty of title or quantity can be implied.

2.   The second special charge asked by the defendants W. J. and J. J. Settegast, was given by the court and we submit that such action of the court was correct.   The charge in effect instructed the jury that a suit for compensation for deficiency in quantity of land must be brought within two years after the sale of the land or after the vendee by the exercise of ordinary diligence could ascertain such deficiency.   Bass v. James, 83 Texas, 110.

WILLIAMS, ASSOCIATE JUSTICE.—Appellant brought this suit against appellee, Alice Bleker (who subsequently married Caldwell), and others to recover a piece of land in Houston, alleging that defendants had evicted him.   He also joined W. J. and J. J. Settegast, alleging that he had purchased the land from them under a deed with general warranty, paying six hundred dollars for the half block in question, and praying that, in case the other defendants recovered the land, he have judgment against the Settegasts on their warranty.

Pending the suit, a surveyor was appointed and made a survey and reported the result to the court.   Thereupon appellant amended his pleadings, alleging that, according to the report, he only obtained under

the deed from the Settegasts about one-tenth of the half block, and that the title of Bleker and others, to the remainder was superior to his own, and alleged breach of warranty, and sought recovery therefor. His pleadings were also sufficient to entitle him to recover in equity, if not upon the warranty, the money paid for the land which he did not get, on the ground of fraud or mutual mistake of the parties as to the quantity of land conveyed.

Fuller statement of the pleadings of plaintiff is unnecessary to develop the points raised and decided. The suit was brought within four years, but not within two years, from the accrual of the cause of action asserted, and limitation of two years was pleaded against it. On a trial by jury, the adverse claimants of the land recovered all of the half block in question.

The court instructed the jury, in substance, that the action could not be maintained on the warranty, and that in its other aspect, the cause of action asserted was barred by limitation of two years.

The sale was in gross, of block 90 and half of block 91, the price paid being eighteen hundred dollars, twelve hundred of which was the price of block 90, and six hundred the price of the half of 91. The Obedience Smith survey had been divided into lots, one of which was No. 29. This in turn had been divided between three owners into what are called the northern one-third, the middle one-third and the southern one-third, each of which contained several acres. Upon these subdivisions there had been platted blocks, which had been divided into lots. The land owned by the Settegasts was wholly within the northern one-third of lot 29, other persons owning the middle one-third. At the time of the sale to appellant, it was believed that the north half of block 91 was within the northern third of lot 29, and belonged to the Settegasts, but it was, in fact, in the middle third and belonged to the parties who recovered it. The owners had, before the suit was brought, enclosed it and taken possession. Prior to that time there was nothing to mark the divisional lines between the various subdivisions.

The deed from the Settegasts to appellant, for a recited consideration of $1800, conveyed "all that certain tract of land lying and situated in the county of Harris, and State of Texas, which is described as follows: all of block ninety (90), and all our interest in and to block ninety-one (91), which interest is one-half of said block ninety-one, more or less, being out of the north one-third of lot twenty-nine (29) of Obedience Smith survey." There was a general warranty of title to "all and singular the said premises." This was a warranty of title to whatever the deed undertook to convey. What that was, must be ascertained from the premises of the deed. All of the language must be regarded, if all of it can be made to stand together; and if there is an irreconcilable conflict between different parts, that must prevail which will carry out the intention of the parties as expressed in the instrument. There is no conflict between the language "all of our interest," and that which follows "which interest is one-half." The last phrase defines the extent of the interest,

and cannot be rejected. It was put there for a purpose, and is a very important part of the deed. It may be easily conceived that a party might be unwilling to accept a deed purporting to convey only the interest of the grantor, and that his objection would be removed by the insertion of words defining the interest. We cannot see that the language, taken together, is any less effectual to express the conveyance of substantially the half block than a simple specification of the half block. The words "more or less" cannot be made to destroy the language defining the interest granted. They are used to show that the quantity is approximately designated, and do not refer to the state of the title. 2 Devlin on Deeds, 1046. The deed clearly shows that the intent was to convey a half of block ninety-one. There is an ambiguity resulting from the failure to specify what half was meant; but this is removed by the fact that whatever was conveyed was stated to be in the northern third of the lot 29, and that was supposed to embrace only the northern half of block ninety-one. From this the intent to convey the northern half of the block is apparent.

It remains to consider the effect of the further descriptive particular, that the half block is in the northern third of lot 29. It is fair to assume that both parties supposed that it was so situated. It was only on this assumption that the Settegasts could claim and undertake to convey it. It is found to lie outside of the tract mentioned, but that fact, it is clear, would not prevent the deed from conveying it if the grantors had owned it. The intent to convey the named half block would necessarily have prevailed over the mistaken description of it as being embraced within the named subdivision. If the deed would have conveyed the half block had the Settegasts owned it, though contained in the middle subdivision of lot 29, it inevitably follows that there is a partial breach of warranty when it turns out that others owned it, and that hence the vendee obtained no title. Doyle v. Hoard, 67 Texas, 6; Bellamy v. McCarthy, 75 Texas, 294.

The rule is different where the description in the deed embraces less land than the parties intended should pass by the conveyance. Here, the description, as we have seen, is sufficient to embrace all of the land bought by Blount, if the grantors had the title. The suit being well brought for a breach of warranty, the two years statute could not apply. But if the action were regarded simply as an appeal to equity to recover, on account of gross mistake, for a material deficiency in the quantity of land, we do not think the two years statute would apply. In Smith v. Fly, 24 Texas, 349, the nature of such a remedy is considered, and it was held to be an equitable one to which the two years statute then in force (the same, so far as it affects this question, as article 3354, Revised Statutes) did not in terms apply. The action was not embraced in the language of that statute; but, as equity follows the law, the court adopted the period of two years because the action was analogous to those to which the statute applied that limitation. But by article 3207, Revised Statutes, a limitation of four years is ex-

pressly provided for all actions not embraced in the other provisions. And it seems to us to necessarily follow, that such suits as this are covered by that provision. It has been applied by the Supreme Court to many kinds of actions, equitable as well as legal, for which other provision is not made. Cooper v. Lee, 75 Texas, 121; Shirley v. Railway, 78 Texas, 147; Railway v. Titterington, 84 Texas, 225; Norton v. Davis, 83 Texas, 37; American Salt Co. v. Heidenheimer, 80 Texas, 349.

In the case of Bass v. James, 83 Texas, 110, the two years statute was applied to the cause of action, which was like the one under discussion, but the decision in Smith v. Fly was followed without a consideration, so far as the opinion shows, of the effect of the change in the statute. It was permissible for plaintiff to join in this proceeding the adverse claimants of the land, and his warrantor, in order that one judgment might settle all the issues involved. Norton v. Collins, 1 Texas Civ. App., 275.

Under the allegations in the amended petition, the suit was virtually one for breach of warranty. The court excluded the answers of appellant as to representations made to him by one A. C. Herndon, and also the statement of appellant's conclusions that Herndon was the agent of Settegast, and this is assigned as error. There are some circumstances in the record which tend to show that Herndon was the agent of the Settegasts, though they deny that such was the fact, claiming that they sold the land to Herndon, and that the latter sold it to Blount, and that they made the deed to him at Herndon's request. Taking all the evidence together, we think there was a question of fact presented for the decision of the jury as to Herndon's agency, and that evidence of his representations, if bearing upon the questions involved, should be admitted to be considered as against the Settegasts only in case the jury should find Herndon was their agent. Blount's opinion or conclusion on the subject, of course, is not evidence of the fact of agency. We do not hold, however, that the court erred in excluding all of this evidence. It is not made to appear that the evidence tending to show agency had been introduced before the ruling was made. We do not see, however, that, under the law as we have declared it, the evidence is important. No attack is made upon the judgment for the land in favor of the defendants Caldwell and House, and it will not be disturbed.

The judgment in favor of the defendants, the Settegasts, will be reversed, and the cause between them and plaintiff remanded for another trial.

*Affirmed in part.*
*Reversed and remanded in part.*

Delivered April 16, 1896.