St. Louis & San Francisco Railway Company v.
John Skaggs et al.

Decided May 2, 1903.

**1.—Continuance—Diligence—Discretion.**

Where an application for continuance shows delay in the effort to obtain the testimony of the absent witness by deposition and is not accompanied by the affidavit of the person who made search to ascertain the whereabouts of the witness, it is addressed to the discretion of the court, and its overruling will not be revised.

**2.—Deposition—Commission Issued Before Five Days.**

Where the defendant had filed cross-interrogatories to a witness and had taken out a commission to have the deposition taken, the plaintiff was entitled to a commission, although five full days had not elapsed since the service of the notice and precept upon defendant.

**3.—Master and Servant—Ordinary Care—Charge.**

A charge that it was the duty of the railway company to exercise ordinary care to keep its engine and appliances thereon in such repair as to render same reasonably safe for its employes to discharge their duties with a reasonable degree of safety, was not, the entire charge being considered together, erroneous in using the words "reasonably" and "reasonable," instead of "ordinarily" and "ordinary."

**4.—Same—Defect in Appliance—Issue Raised.**

Evidence considered and held to require a charge upon the theory that the step of an engine was loose and out of repair, and had been so a sufficient time for the defect to have been discovered and remedied.

**5.—Same—Discovered Peril.**

Evidence set out and held to warrant a charge submitting the issue of discovered peril, in that the engineer saw plaintiff's peril at the time his foot slipped from the engine step in time to have stopped the engine sooner.

**6.—Same—Negligence of Agent Binding Corporation—Charge.**

A charge that, "the defendant, being a corporation, transacts business through its officers, agents and employes; and if a defendant delegates to its agent or employe certain work, and such agent or employe, in the discharge of such work, is guilty of negligence, such negligence would be that of defendant," announced a correct proposition of law, and was not calculated to mislead the jury.

Appeal from the District Court of Grayson. Tried below before Hon. Rice Maxey.

*Head & Dillard,* for appellant.

*Wolfe, Hare & Semple,* for appellee.

BOOKHOUT, Associate Justice.—John Skaggs was a switchman working in Sherman. On the 8th day of October, 1901, in attempting to step upon a narrow iron step fastened to the lower part of the pilot on an engine with which he was working, he fell and had one of his legs so badly mangled by the moving engine that amputation was necessary. On the 2d day of December, 1901, he filed his petition against the St. Louis & San Francisco Railway Company and the St. Louis, San Fran-

cisco & Texas Railway Company to recover damages for these injuries,
alleging negligence on account of the condition of the step and pilot, and
on account of both the incompetency of McClellan, the engineer operat-
ing the engine, and his negligence after discovering plaintiff's peril.
The case went to trial, and the court excluded from the jury the question
of McClellan's incompetency, and instructed a verdict for the St. Louis,
San Francisco & Texas Railway Company, and submitted the case as
to the other railway on the other issues of negligence. The jury re-
turned a verdict for plaintiff against the St. Louis & San Francisco
Railway Company for $10,000, on which judgment was entered. Motion
for new trial having been made and overruled, the St. Louis & San Fran-
cisco Railway Company gave notice of appeal and brings the case before
this court for review.

1. Complaint is made in the appellant's first assignment of error that
the court erred in overruling its application for continuance. The ap-
plication is based upon the failure of appellant to procure the testimony
of Frank White, it being alleged that his testimony is material and that
due diligence had been used to procure the same. The suit was in-
stituted on December 2, 1901. The judgment was rendered October 3,
1902. When the suit was instituted the witness, Frank White, was in
the defendant's employ, and so continued until the latter part of March,
1902. Defendant propounded interrogatories to the witness, which were
duly crossed and a commission issued thereon March 19, 1902. It is
not shown that this commission was placed in the hands of an officer to
be executed. After the witness left the employment of defendant he
went to work for McCabe & Steen, in Sherman, and thereafter, some
time in April, 1902, he left their employ and moved from Grayson
County. Defendant procured its claim agent, Spaulding, to search, by
writing and telegraphing, to all probable places to discover the where-
abouts of said witness. About the 20th of June the agent heard that
said witness was at some point in Texas, the name of which the affiant
was not able to give. The agent visited that place about the 23d of
June, but found that White had left. In August, 1902, the witness was
located at Herrington, Kan., but upon the agent arriving there he found
White had gone, and his whereabouts was unknown. The application
was sworn to by one of defendants' attorneys. It did not contain the
affidavit of Spaulding, who made the search for the witness. The affi-
davit did not show sufficient diligence to procure the deposition of the
witness from the date of the issuance of the commission and prior to the
time the witness left Grayson County. There was no error in overruling
the application for continuance. Missouri K. & T. Ry. Co. v. Johnson,
37 S. W. Rep., 771; Western Union Tel. Co. v. Berdine, 2 Texas Civ.
App., 517, 21 S. W. Rep., 982; Railway Co. v. Scott, 71 Texas, 703;
Railway Co. v. Gage, 63 Texas, 568; Hogan v. Railway Co., 88 Texas,
679. Again, the application was not a statutory application, but was
addressed to the sound discretion of the trial judge, and it not appearing

that there has been any abuse of that discretion, his action thereon will not be revised by this court. Guy v. Metcalf, 83 Texas, 37; Railway Co. v. Rowland, 35 S. W. Rep., 31.

2. It is contended that the trial court erred in overruling the defendant's motion to quash the deposition of C. O. Brand, based upon the ground that the commission was issued in less than five days from the time of filing interrogatories. The direct interrogatories propounded to C. O. Brand were filed in the clerk's office on February 15, 1902, and a precept, with copy of interrogatories, was served upon defendant on the same day. On February 20th, counsel for defendant filed certain cross-interrogatories to said witness. Immediately thereafter on the same day the defendant's counsel took out a commission on the direct and cross-interrogatories to take the deposition of said Brand and placed same in the hands of O. D. McReynolds, a notary public in and for Grayson County. Thereafter on the same day the plaintiff's counsel procured a commission on said direct and cross-interrogatories and placed the same in the hands of one H. P. Abney, a notary public in and for Grayson County, who on the same day took the deposition of C. O. Brand and made return of same into court on February 21, 1902. After the defendants had placed said commission in the hands of O. D. McReynolds, he went to the residence of said witness, C. O. Brand, and there had a conversation with Mrs. Brand, wife of said C. O. Brand, and failing to see said C. O. Brand, he reported said conversation to counsel for defendants, and thereupon, and in consequence of such report to them by said McReynolds, said counsel for defendants did, on the same day, February 20, 1902, propound and file additional cross-interrogatories to said witness, C. O. Brand, and did immediately thereafter on the same day, and after the commission above mentioned had been issued to the plaintiff and defendants respectively, take out another commission upon the direct interrogatories propounded by plaintiff and upon the first and also the second, or additional, cross-interrogatories propounded by defendants to said witness, and did again place the same in the hands of said O. D. McReynolds, a notary public as aforesaid, and did take the deposition of said witness, C. O. Brand, upon said original direct interrogatories to him propounded by plaintiff and upon said first and second or additional filed cross-interrogatories propounded to him by defendants. Said deposition was duly taken on the same date, to wit, February 20, 1902, and was duly returned by said officer and filed in court on the 21st day of said month, and was among the papers of the cause at the time defendant's motion above set out came on to be heard. There was no error in overruling the motion to quash. The defendant having filed cross-interrogatories to the witness and having taken out a commission to take the deposition of the witness, the plaintiff was entitled to a commission although five full days had not elapsed since the service of the notice and precept upon defendant. Heidenheimer v. Walthew, 2 Texas Civ. App., 501; Knoxville Fire Ins. Co. v. Hird, 4 Texas Civ. App., 82,

23 S. W. Rep., 393; International & G. N. Ry. Co. v. Kinders, 57 Texas, 499; Schunior v. Russell, 83 Texas, 83. Again, it is not shown that defendant was injured by the court's ruling. The answers of the witness to the additional cross-interrogatories were on file and were not offered in evidence by defendant.

3. Complaint is made of the following paragraph of the court's charge, to wit: "A railway company is not an insurer of the safety of its machinery, but it is its duty to exercise ordinary care to keep its engine, pilots and appliances thereon in such repair as to render same reasonably safe for its employes to discharge the duties required of them with a reasonable degree of safety, and if a railway company fails to exercise such care, and such failure directly and proximately caused injury to an employe in the discharge of his duties, and such injury be not proximately caused or contributed to by the negligence of such employe, then the railway company would be liable to such employe for the damages, if any were sustained, by reason of such injury." The criticism is that there was error in using the words "reasonably" and "reasonable" instead of "ordinarily" and "ordinary." Plaintiff was a switchman working with the road engine. An engine of this kind is much more dangerous for switching purposes than a regular switch engine. On the latter there is no pilot, but there is a step running across the front of the engine for a man to stand upon. The court had in a former paragraph instructed the jury that the appellee assumed all the risks and dangers ordinarily incident to his employment, and also, at the request of defendant, had instructed them that: "The fact that defendant was using a road engine, instead of a switch engine, at the time plaintiff was injured is not material in this case, and you can not find in favor of plaintiff on account thereof, even though you may believe that a switch engine would have been safer." Considering the charge as a whole, in connection with the special charge given, there is no error in the paragraph of the charge complained of, and hence the criticism is not well taken.

4. It is insisted that the trial court erred in instructing the jury as follows: "And if you further believe from the evidence that said step was out of repair and loose, and that the same had been out of repair and loose such a length of time prior to the injury as that defendant in the exercise of ordinary care would have discovered the same in time by the use of ordinary care, to have remedied the same before the injury," etc. The contention is that there is no evidence upon which to predicate the above charge. H. Gorman testified: "I was the regular engineer on engine 405 from about the month of April, 1901, to the 1st of January, 1902, and as such engineer it was my duty to inspect engines. I inspected them at all terminal points and sometimes on the road. In October, 1901, I ran engine No. 405 on the following days: October 4th to 13th, inclusive. Arrived in Sherman on October 8th with said engine, after which it was used by the

switching crew." Engine 405 was the engine upon which appellee received his injuries. There was evidence that at the time of the accident, or within an hour thereafter, the step of the engine or pilot was loose. The step on the engineer's side was a little looser than the one on the fireman's side. The screws and bolts were not gone out of the steps, but the wood had worn away until the steps were perfectly loose. The witness McKelvey, who was a mechanic in charge of appellant's motive and car department at the time of the accident, testified that between the 10th and 15th of October, 1901, he examined the step on the pilot and found it loose. He says: "I would not let them switch with that engine in the shape in which it was." The record does not disclose any facts to justify the belief that the step became loose and unsafe after the accident. We think the evidence was sufficient to require the submission of the issue presented in the charge quoted, and it would seem that by the use of ordinary care in the matter of inspection the defendant should have discovered the defect and remedied the same. These remarks dispose of appellant's sixth, seventh, ninth, tenth and eleventh assignments of error.

5. In the eighth, twelfth, thirteenth and fourteenth assignments of error complaint is made of the action of the court in submitting the issue of discovered peril, the contention being that the evidence is not sufficient to authorize its submission. The pleadings of plaintiff presented the issue of discovered peril. There was evidence that the engineer in charge of the engine saw Skaggs at the time his foot slipped from the step of the pilot. He says: "At the time of the accident I was running the engine and watching every move he made. I saw him make a step for the pilot, get upon the footplate, when his foot slipped; also his handhold." He further testified that at that time the engine was running three or four miles an hour. Skaggs says that after his foot slipped off and he fell he was dragged from fifteen to twenty-five feet. Another witness testified to having examined the ground where the accident occurred and it indicated something had been dragged about twenty feet. There was expert testimony that an engine moving three or four miles an hour without cars attached, with proper brake appliances could be stopped in six or seven feet. The evidence was sufficient to authorize the submission of the issue of discovered peril. There was no error in refusing the special charges, the refusal of which is made the ground of the tenth, eleventh and twelfth assignments of error. The general charge of the court fairly embraced the law on this issue.

6. The sixteenth, seventeenth, eighteenth and nineteenth assignments raise the question of the sufficiency of the evidence to support the verdict. The previous remarks dispose of these assignments adversely to appellant. The verdict embraces a finding that the steps on the pilot of engine 405, at the time of the accident, were defective, and had been in a defective condition a sufficient length of time for appellant

to have discovered and remedied the defect prior to the time of the accident to Skaggs. Also, that the engineer in charge of the engine discovered that appellee was in peril in time to have stopped the engine by the use of the appliances at his command and avoided the accident. That in these respects there was negligence for which defendant is liable, and as a proximate result of such negligence appellee was injured and sustained damage in the amount of the verdict. In deference to the verdict, we so find.

7. Complaint is made of the following special charge, given at the request of plaintiff: "The defendant, being a corporation, transacts business through its officers, agents and employes. If a defendant delegates to its agent or employe a certain work, and such agent or employe in the discharge of such work is guilty of negligence as in the court's charge defined, such negligence would be that of defendant." This charge is not subject to the criticism made by appellant. It announces a correct proposition, and we do not think the jury could have placed the construction thereon contended for by appellant, or have been misled thereby.

8., Complaint is made, in assignments 21 to 29, inclusive, of the action of the trial court in excluding certain testimony. We have considered the several assignments complained of and are of the opinion that the same present no reversible error, and the said assignments are therefore overruled.

Finding no reversible error in the record the judgment is affirmed.

*Affirmed.*

Writ of error refused.