JULIA L. MILLER ET AL. v. J. C. MILLER ET AL.

Decided January 27, 1904.

**1.—Community Property—Survivor—Limitation.**

Limitation runs against the heirs of the wife and in favor of the husband having possession of the community personalty from the expiration of a reasonable time for him to settle the community debts; it is not suspended, as in case of trusts, until he repudiates their rights.

**2.—Same—Facts.**

Evidence considered and held to support the plea of limitation against the suit of heirs of the wife for recovery of her interest in community property from the surviving husband.

Appeal from the District Court of McLennan County. Tried below before Hon. Marshall Surratt.

*A. C. Prendergast,* for appellants.

*H. N. Atkinson,* and *Taylor & Gallagher,* for appellees.

KEY, ASSOCIATE JUSTICE.—On November 5, 1900, appellants instituted this suit against appellees. The petition was in two counts. The first comprised an action of trespass to try title to five tracts of land; the second count pleaded in detail the facts relied on for a recovery, and prayed for both legal and equitable relief, including partition.

By amended answer filed November 23, 1901, the defendants admitted that the plaintiffs were entitled to a part of one of the tracts of land, and to all other matters plead general denial, not guilty, and the statutes of two, three, four, five and ten years limitation.

After hearing all the testimony, the trial court refused to submit any issues to the jury, and gave a peremptory charge to find for the plaintiffs an undivided interest of 560-1792 in the 200-acre tract of land and $41.40 rent thereon. Such verdict was returned and judgment accordingly rendered, and the plaintiffs have appealed.

The undisputed testimony shows that Jesse W. Miller and Priscilla Miller were married in March, 1851, and that Priscilla died in April, 1877. The plaintiffs claim as the heirs of Priscilla Miller. The 200 acres of land, in which the defendants and the court recognized the plaintiffs' interest, was acquired by Jesse W. Miller during the lifetime of his wife Priscilla. The plaintiffs attempted to show that the other tracts of land which were subsequently acquired by him were paid for, in whole or in part, with community funds on hand at the death of Priscilla Miller, but the testimony on that subject was too meager and uncertain to authorize the submission of any such issue to the jury. There was testimony tending to show that at the time of Mrs. Miller's death there was a considerable sum of money and other personal property on hand and in possession of Jesse W. Miller, which within a few years after the death of his wife, he converted to his own

use; and the plaintiffs would be entitled to recover for their mother's half interest therein, were they not barred by the statute of limitations.

The contention that, after the death of his wife, Jesse W. Miller held a half interest in the property in trust for her heirs, and that limitation would not begin to run until he repudiated the trust, is not believed to be correct. For whatever reasonable time was necessary to pay off the community debts, Jesse W. Miller was entitled to the custody and control of all the community property, but he was not entitled to such custody and control for any greater length of time. This being the case, and there being no express trust, the plaintiffs could have brought their suit as soon as a reasonable time for the discharge of community debts had elapsed. The testimony shows that the amount of the community debts was small; and while it does not show exactly when they were paid, it seems reasonably certain that they were paid or barred within a few years after the death of Mrs. Miller, and that the plaintiffs could have brought their suit twenty years before they did. Such being the facts, we think the court ruled correctly in refusing to submit to the jury the question of the right of the plaintiffs to recover their mother's interest in the personal property. Albrecht v. Albrecht, 35 S. W. Rep., 1076; Cochran v. Sonnen, 26 S. W. Rep., 521; Tinnan v. Mebane, 10 Texas, 246; Wingate v. Wingate, 11 Texas, 430; Kennedy v. Baker, 59 Texas, 150.

It is true that some of the plaintiffs were laboring under disabilities which exempted them from the operation of the statute of limitation for several years, but such disabilities had ceased and the statute been in operation against them for more than four years before this suit was brought.

No error has been pointed out and the judgment is affirmed.

*Affirmed.*

Writ of error was refused by the Supreme Court, March 24, 1904.