JOHNSON v. JOHNSON et al.  (No. 7588.)

(Court of Civil Appeals of Texas.  Galveston.
Oct. 28, 1918.)

1. LIMITATION OF ACTIONS ☜67—PERSONAL PROPERTY—COLLECTION AND APPROPRIATION OF RENTS.

Where a father, owning land in common with his children, collected rent for more than 30 years without. accounting therefor, or recognizing children's right to participate therein, and appropriated rent to own use, children were barred from recovering their interest in such rents as were collected for more than 2 years prior to action, under Rev. St. arts. 5687, 5690, though 5 years prior to action he recognized children's interest in property by joining with them in mortgaging property.

2. PARTITION ☜81—RELIEF—SALE BY TENANT OF PORTION OF LAND.

Where father, owning land in common with his children sold a son, a portion of the land less both in quantity and value than son's interest in the common estate, the court, in partition action, will not disturb the sale, which did not prejudice the other children.

Appeal from District Court, Galveston County; Clay S. Briggs, Judge.

Action by Robert Henry Johnson against Robert Henry Johnson, Jr., and others. From the judgment· rendered, plaintiff appeals. Reversed and remanded, with instructions.

James B. & Charles J. Stubbs and F. Spencer Stubbs, ·all of Galveston, for appellant.

Geo. G. Clough, of Galveston, for appellees.

GRAVES, J.  Appellant sued the appellees, who were his children, their mother being dead, in the court below for partition

of certain property, consisting of some lots and the improvements thereon, located in block 156 in the city of Galveston.

On December 2, 1912, all of the defendants below, except George E. Johnson, filed an answer and cross-action, in which they set up the interest they claimed in the property and alleged that the plaintiff had, ever since the death of their mother in 1884, received and appropriated to his own use large sums of money for rental upon the common property, for which they sought an accounting with and a judgment against him.

The other defendant, George E. Johnson, answered by saying that on April 13, 1912, which was prior to the filing of this suit, the plaintiff had made a full settlement and partition with him of his interest in the entire community property of his parents, by deeding to him 28 feet and 11 inches by 80 feet and 6 inches out of lot 9 in the block involved, together with a house thereon, which property did not exceed in quantity or value the one-eighth of the entire community, or the one-fourth of his mother's half thereof, to which he was entitled, and prayed that such deed and settlement be confirmed by the court.

Plaintiff, by appropriate pleadings, likewise affirmed the settlement he had so made with George E. Johnson, and also asserted that the property thereby conveyed did not exceed in quantity and value the portion they each were entitled to out of that held in common by all the parties to the litigation.

By mutual agreement of all the parties the court withdrew the cause from the jury, and appointed what was termed "an auditor and master in chancery" to determine and state the accounts between them, and to report his findings as to the respective interests of each in the real estate and the improvements thereon. The auditor filed his report accordingly, and since his findings as to the various interests of the different parties in the real estate and improvements are accepted by them all, except his setting aside of the settlement and partition made by the plaintiff with George Johnson, these particular features need not at this point be further elaborated upon.

In addition, however, there were findings that the plaintiff had, throughout many years, beginning in 1884, and continuing down to about the time of the trial in 1917, collected and appropriated different sums of money in rents from the common property, without having accounted therefor to the complaining defendants; the findings being so framed as to show the amounts of rents collected upon each separate item of the common property for the period prior to December 1, 1910, as well as subsequent to that date.

The court entered judgment substantially in accord with the auditor's findings, vesting the different interests of the parties in the property, which included the setting aside of the conveyance and settlement made by the plaintiff with George E. Johnson, and awarded to each of the defendants in different amounts sums of money against the plaintiff for rents, part of which, as found by the auditor, had been collected during the period from June 1, 1884, to December 1, 1910.

There were numerous other features of the judgment not specially material to the issues presented by this appeal.

The plaintiff below, Robert Henry Johnson, Sr., alone has appealed. He complains of the judgment in two respects: First, in allowing any recovery against him for any rents collected by him prior to December 1, 1910, as against the plea he had at the proper time interposed that all such claims were barred by the 2-year statute of limitation; second, in setting aside and nullifying the deed and settlement made by him on April 13, 1912, with defendant George E. Johnson.

The appellant had by appropriate action throughout the course of the proceedings pressed his objections to these matters in such way as to be entitled to now present them to this court.

We think his contentions correct, and that the trial court erred in both particulars complained of.

As the preceding recitation has shown, the cross-action of defendants for rents was first filed December 2, 1912, which would bring such of them as were collected prior to December 1, 1910, under the ban of the 2-year statute, if it applied. The appellees earnestly insist that it did not apply, because, it is claimed, the appellant never repudiated, but expressly recognized, their rights as tenants in common with him of the property itself, and never claimed the rents therefrom adversely to them. The only considerations offered in support of this position, however, are that by filing his suit in 1912 for partition of houses and lots he alleged were owned in common, and having in 1907 acted with his admitted cotenants in jointly mortgaging their common property in order to borrow money thereon for the purpose of raising the lots to grade, he thereby expressly recognized their right to now share with him the rents which, throughout a period of about 30 years, he had, as appellees alleged in their cross-bill and the undisputed proof showed, collected and appropriated to his own use without in any manner accounting to them, and without the assertion of any demand therefor upon their part until the filing of their counterclaim in this suit on December 2, 1912; nor was there in the evidence any other circumstances even tending to show that he ever during all that time recognized their right to

participate in the rents and revenues of the common estate, but entirely ignored them in that respect and both treated and kept these proceeds as exclusively his own.

[1] Under such a state of facts, there being nothing whatever in this record to show that the appellees could not have sought recovery of their interest in these rents, which were personal property, many years before they did, and within a reasonable time after the death of their mother in 1884, and after the rents had been so appropriated by their father, we think such of them as the proof showed had been collected more than 2 years before the filing of their cross-action—that is, prior to December 1, 1910—were barred. R. S. art. 5687; R. S. art. 5690; Wingo v. Rudder et al., 103 Tex. 150, 124 S. W. 899; Miller v. Miller, 34 Tex. Civ. App. 367, 78 S. W. 1085; Albrecht v. Albrecht et al., 35 S. W. 1076; First Nat. Bank v. Cohen et al., 55 S. W. 530.

As to the second matter complained of, the action of the court in annulling the George E. Johnson settlement, the auditor's report, which the court adopted, was in part as follows:

"I find that it [referring to the George Johnson house] is situated on ground that is community property, and for that reason the title attempted to be put in George Johnson by the deed from plaintiff to him falls to the ground; the other part owners refusing to join therein, and the evidence failing to disclose that the portion that plaintiff and George Johnson were entitled to receive, clear of all liens, were of sufficient value to be charged with the value of this particular tract."

The evidence wholly fails to sustain this last stated fact finding, but undisputedly establishes that the house and lot so deeded to George Johnson by his father were in both quantity and value considerably less than they were entitled to out of the common estate, that the settlement thereby evidenced was not inequitable or unfair to the other cotenants, and would not in any way have prevented any one of them from receiving a full and just share of such common property. Since, as stated, the evidence upon this issue is undisputed, it is not thought essential that it be restated here.

It seems to be a well-settled principle in equity that, where one tenant in common sells a portion of the land by metes and bounds, such sale will not be disturbed, if the interests of the other tenants in common are not prejudiced thereby, and they can be made whole out of the remainder of the tract. Peak v. Swindle, 68 Tex. 253, 4 S. W. 478; Wilson v. Helms, 59 Tex. 680; Cook v. I. & G. N. Ry. Co., 3 Tex. Civ. App. 125, 22 S. W. 1012.

[2] In the last-cited case it is further held that no reason is perceived why this principle should not apply to a less interest than the whole of the cotenants' estate. Applying the rule stated in these authorities to the facts we have found here, it is apparent that the court erred in setting aside the conveyance and vacating the settlement made with George E. Johnson.

From these conclusions it follows that the judgment should be reversed, and the cause remanded, which is accordingly done, with instruction to the trial court (1) to enter its judgment confirming and validating the deed, partition, and settlement made between the plaintiff and George E. Johnson; (2) to so restate the accounts between the parties as to eliminate all rents collected and all expenses paid out by the plaintiff on account of the jointly owned property prior to December 1, 1910; (3) to order the sale of the property and distribute the proceeds to the parties in accordance with their respective interests, as shown by the auditor's report, modified and corrected as above indicated, and to charge the interests of the several parties in the proceeds with their proportionate part of the lien upon the whole property held by Mrs. George Johnson and for unpaid taxes.

Reversed and remanded, with instructions.