SIMONS et al. v. WARE et al.    (No. 9220.)

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 31, 1920. Rehearing Denied Feb. 28, 1920.)

1. LIMITATION OF ACTIONS ⊙⟿70(2)—WHEN STATUTE BEGINS TO RUN AGAINST HEIRS OF COMMUNITY SURVIVOR IN FAVOR OF SURETIES ON BOND STATED.

Under Vernon's Sayles' Ann. Civ. St. 1914, arts. 3595, 3598, 3601, 3612, limitations began to run against all adult heirs of a married woman on their cause of action against the sureties on the bond given by their father as community survivor one year after the filing of the bond, and, as to a minor son, limitations began to run against him when he reached 21, and his

cause of action would be barred 4 years after such date.

2. COURTS ⊙⟿472(4)—JURISDICTION OF SUITS FOR DISTRIBUTION BY HEIRS OF MARRIED WOMAN AGAINST COMMUNITY SURVIVOR.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 3556, the heirs of a married woman could have required her husband, as community survivor, to distribute the estate by suit in the county court of probate jurisdiction, and if such right was not exercised within 12 months from filing of the community survivor's bond, district court had jurisdiction of suit at instance of heirs for partition and distribution.

3. LIMITATION OF ACTIONS ⊙⟿48(4)—LIMITATIONS BEGIN TO RUN IN FAVOR OF SURETIES ON COMMUNITY BOND WHEN SURVIVOR SELLS PROPERTY.

A husband, having given bond as community survivor to account to the heirs of his deceased wife for their interest in the community property, and having sold it, became liable on the bond, in an action by the heirs for their interest, for the proceeds, and limitations then began to run in favor of him and his sureties against such action.

4. PRINCIPAL AND SURETY ⊙⟿151—GUARANTY ⊙⟿82(2) — STATUTE AUTHORIZES SUIT AGAINST SURETY OR GUARANTOR WITHOUT JOINDER OF PRINCIPAL OUTSIDE STATE.

By Vernon's Sayles' Ann. Civ. St. 1914, art. 1843, any surety or guarantor may be sued without joining his principal, when the latter resides beyond the limits of the state.

5. LIMITATION OF ACTIONS ⊙⟿191—ALLEGATION OF PRINCIPAL'S NONRESIDENCE INSUFFICIENT TO PERMIT SUIT AGAINST SURETIES WITHOUT JOINDER.

In suit by heirs of a deceased wife against the sureties on the bond given by the husband as community survivor, allegation of the amended petition that, after the surviving husband sold one tract of the wife's land, "thereafter" he sold the second tract, and also the personal property, "and at some time thereafter" ceased to be a citizen of Texas and moved to Oklahoma, *held* an insufficient answer to defendant sureties' plea of the statute of limitations.

Error from District Court, Cooke County; John Speer, Judge.

Suit by Annie Simons and others against H. P. Ware and others. To review a judgment for defendants on demurrer to the petition, plaintiffs bring error. Affirmed.

Stuart, Bell & Moore, of Gainesville, for plaintiffs in error.

Davis & Davis, of Gainesville, for defendants in error.

BUCK, J. This suit was brought in the district court of Cooke county by the heirs of Mary E. Mikel against H. P. Ware and George E. N. Ball, to recover of them as sureties upon the bond given by J. W. Mikel as community survivor. The petition alleged: That their mother, Mary E. Mikel,

died June 22, 1899. That at time of her death she and her husband, the father of plaintiffs, owned certain property situated in Cooke county, which was their community property, consisting of two tracts of land, one containing 128½ acres, the other 181 acres, together with certain personal property. That on September 19, 1899, said Mikel filed his application in the county court of Cooke county to be appointed as community administrator of said estate, and on September 19, 1899, he was duly appointed as said community administrator, having given a bond in the sum of $4,700, which was duly approved, conditioned as required by law, with the two named defendants as sureties. That he continued as said community survivor until his death, to wit, October 14, 1913. That he sold the 128½ acres on September 19, 1899, for $2,400, and thereafter sold the 181 acres for $4,500, and disposed of the community personal property, and never accounted to plaintiffs for any part thereof. That he occupied the 181 acres as a homestead until he sold it, and thereafter ceased to be a citizen of Texas, but moved to Oklahoma, where he resided until his death. That Emmett Mikel, one of the children, was 17 years old at the death of his mother, Mary E. Mikel, and later died, leaving as his heirs two children, Harrold and Kenneth, who, with their widowed mother, were made parties plaintiff, along with others. The petition further alleged that at the time of his death J. W. Mikel was insolvent; wherefore they prayed for judgment against the defendants in the sum of $4,700, with interest.

A demurrer to plaintiffs' petition, in the way of plea of four years' limitation, was sustained, and the plaintiffs, declining to amend further, bring the case to this court by writ of error. It is the contention of plaintiffs in error that, since the suit was filed within four years from the date of J. W. Mikel's death, the plea of four years' limitation did not apply.

[1] Under title 52, and article 3595 et seq., Vernon's Sayles' Texas Civil Statutes, provision is made for the administration of the community estate by the surviving husband or wife. Article 3598 provides for the giving of a bond by the community survivor—

"conditioned that he will faithfully administer such community estate, and pay over one-half the surplus thereof after the payment of the debts with which the whole of such property is properly chargeable, to such person or persons as shall be entitled to receive the same."

Article 3601 provides that the survivor shall keep a full account and statement of all community debts and expenses paid by him, and of the disposition made of such community property, and, upon final partition of said estate, shall account to the legal heirs of the deceased for their interest

in such estate. After the lapse of 12 months from the filing of the bond by the survivor, the persons entitled to the deceased's share of such community estate, or any portion thereof, shall be entitled to have and demand a partition and distribution of such estate. Article 3612. The statute of limitation would begin to run, against all of the heirs who were of age at that time, one year after the filing of the bond. As to Emmett Mikel, limitation would begin to run against him when he reached 21 years of age, which would be in 1903. Then 4 years from such last-named date, or in 1907, his cause of action would be barred. It is not certain from the record when plaintiff's suit was filed. But the answer of defendants was filed August 28, 1917, and plaintiffs' petition must have been filed before that date.

[2, 3] Under article 3556, formerly 2183, the heirs of Mrs. Mikel could have required the community survivor to distribute the estate by a suit in the county court, of probate jurisdiction. Huppman v. Schmidt, 65 Tex. 583; Guy v. Metcalf, 83 Tex. 37, 18 S. W. 419. If such right is not exercised within 12 months from the filing of the community survivor bond, the district court has jurisdiction of a suit at the instance of the heirs for partition and distribution. Huppman v. Schmidt, supra; Guy v. Metcalf, supra. The surviving husband, having given bond to account to the heirs of the wife for their interest in the community property, and having sold same, became liable thereupon in an action by the heirs for their interest in the proceeds, and limitation then began to run in favor of him and the sureties upon his bond against such action. Wingo v. Rudder, 103 Tex. 150, 124 S. W. 899; Miller v. Miller, 34 Tex. Civ. App. 367, 78 S. W. 1085, writ denied; Jones v. McRea, 16 Tex. Civ. App. 308, 41 S. W. 404; Mann v. Earnest, 6 Tex. Civ. App. 606, 25 S. W. 1042; Harvey v. Cummings, 68 Tex. 599, 5 S. W. 513; Stone v. Jackson, 210 S. W. 953.

[4, 5] Article 1843, Vernon's Sayles' Texas Civil Statutes, provides that any surety or guarantor may be sued without joining his principal, when the latter resides beyond the limits of the state, etc. Bopp v. Hansford, 18 Tex. Civ. App. 340, 45 S. W. 744; Insurance Co. v. State, 73 Tex. Cr. R. 649, 165 S. W. 615. If the plaintiffs are not barred by this statute, as claimed by appellees, we think that the vague allegations in plaintiffs' petition that, after J. W. Mikel sold the 128½ acres of land, "thereafter" he sold the second piece of real estate, and also the personal property, "and that at some time thereafter" he ceased to be a citizen of the state of Texas and moved to Oklahoma, is an insufficient answer to defendants' plea of the statute of limitation. The plea of limitation had already been filed, and the amended petition was prepared and filed in

an effort to meet the objections already urged against the original petition.

Hence we are of the opinion that the trial court committed no reversible error in sustaining the demurrer to plaintiffs' petition, on the ground that it was evident from said petition that plaintiffs' cause action was barred, in view of the plea of the statute of limitation theretofore urged.

All assignments of error are overruled, and the judgment is affirmed.

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes