LOU H. CHIFFLET, ADMINISTRATRIX, v. P. J. WILLIS & BRO. ET AL.

No. 6131.

1. **Parties.**—When creditors of an estate unite in contesting a report of the administrator, without objection, no objection can prevail on appeal on the ground of misjoinder, and it is not error for such creditors to join in an appeal bond.

2. **Fact Case.**—See opinion for facts under which it was held that the District Court properly sustained exceptions to an exhibit filed by an administratrix, and committed no error in requiring her to make a full report to the County Court of the condition of the estate and of her administration.

3. **Practice—Administration.**—Proceedings against an administratrix to compel the inventory of additional property can not properly be included in a proceeding against her to make an exhibit of the condition of the estate. If creditors believe that property not claimed or inventoried by the administratrix as such belongs to the estate, their remedy is by petition to require the administratrix to be cited to show cause why the property pointed out by the creditors should not be inventoried as assets.

4. **Same.**—It is not proper to bring into administration additional property of an estate through exhibits filed by the administrator. It should be designated in an additional inventory.

5. **Administration.**—Immediately after an inventory and list of claims have been completed it is the duty of the court to make such allowances to the widow and children for a year's support, and in lieu of exempt property, as they may be entitled to. Such an order can not be delayed by the application of creditors to have an exhibit of the condition of the estate returned. The allowance must be made by the

court and can not be selected and taken from the corpus of the estate by the parties. entitled in the absence of an order.

6. **Same.**—When an administrator or executor takes and appropriates to his individual use the property of an estate at its appraised value the duty of the court is to remove him and appoint another to protect the estate and sue the former administrator.

7. **Administration.**—When the property of an estate is misappropriated and invested in a mercantile enterprise without authority of law, the remedy is not to require the administrator to file an account showing the condition of the business, but to remove the administrator and appoint one who should sue to recover the value of the property so converted, and if the investment yielded profits then also for its profits. If the property converted be money or claims due the estate, then ample remedy may be found in the administrator's bond; but if property subject to appraisement has been converted and can not be returned the administrator should be removed.

8. **Sale of Property of an Estate.**—No land belonging to an estate can be sold. pending administration until after it has been properly inventoried and appraised.

9. **Insolvent Claims.**—An administrator should not be allowed a credit for claims. as insolvent which were inventoried as solvent claims in the absence of evidence of insolvency. The oath of the administrator to the insolvency, when there is no contest,. may in some cases be sufficient.

APPEAL from Nolan. Tried below before Hon. Wm. Kennedy. The opinion states the case.

*Cowan & Fisher*, for appellant. — 1. The single fact that two or more persons have claims against the same person does not constitute such privity between such claimants as to warrant the consolidation of such claims into one cause of action. Williams v. Robinson, 63 Texas, 576.

2. If the trial court had no jurisdiction of the subject matter the question can be raised in this court regardless of whether or not it was. raised in the court below.

The District Court never acquired jurisdiction of any of the matters. passed upon by it in its judgment herein, except possibly the application of creditors to sell real estate of said estate, because there was no final judgment in the Probate Court as to any other matters passed upon by the District Court on such appeal. Holek v. Varona, 63 Texas, 65; Simpson v. Bennett, 42 Texas, 241; Freem. on Judg., 3 ed., secs. 28, 34; Sayles' Prac. and Pl., sec. 1020, and authorities cited.

3. Creditors of an estate can not attack and inquire into the validity of a claim which has been allowed by the administratrix, and approved. by her in her annual report as such, by exceptions and answer filed by them to such annual report.

4. District Courts on appeal from Probate Courts have no jurisdiction to make any decree affecting property not embraced in the inventory of the property of estate on file in such Probate Court, except an appeal from an order of such Probate Court refusing to order the administratrix to file additional inventory, and then only to order such inventory filed embracing such property, nor has Probate Court jurisdiction to order sale of property not embraced in inventory.

5. In passing upon an annual report of an administratrix the District Court can not inquire into and set aside a claim which has previously been allowed and merged in a judgment of the Probate Court against such estate, nor can the Probate Court do so.

6. Where an administratrix sells mortgaged property of an estate under an order of the Probate Court she is entitled to a credit of the appraised value of such property as against the inventory, and in lieu thereof should be charged with the proceeds of such sale, and then credited with such proceeds when paid out; and the District Court can not inquire into the validity of such order and sale except upon appeal or direct proceeding to revise action of Probate Court in ordering and approving such sale.

7. When an administratrix reports a list of claims of the estate as insolvent, and does so under oath, such report is prima facie evidence of the insolvency of the claims so reported, and the burden of proof is upon those assailing the truth of such report.

8. The court found as a fact that administratrix and W. C. Johnson formed a partnership soon after grant of administration to said administratrix, and that all the property belonging to said estate as shown by her inventories and coming into her hands as such administratrix was by her invested in her own name in the business of such partnership, and is still in such business. We therefore submit that the investment in such business did not make such business the business of the estate, but was simply a devastavit on the part of such administratrix, for which she and her bondsmen were liable in an action on her bond for the amount of same, with the highest legal rate of interest from date of such devastavit; and the court having found the proximate date of such devastavit, and the amount thereof, a report by her thereon could serve no purpose, and is beyond her right or power to make. Rev. Stats., arts. 1889, 1890, 1904; Nichols v. Oliver, 64 Texas, 647; Collins v. Warren, 63 Texas, 311; White v. Gardner, 37 Texas, 407; Evans v. Oakley, 2 Texas, 182.

No brief for appellees on file.

HENRY, ASSOCIATE JUSTICE. — This proceeding was begun in the County Court by appellees filing their petition as creditors of the estate of E. Chifflet, then being administered in said court, contesting the application of the administratrix, who was the widow of the deceased intestate, for an allowance for a year's support and in lieu of exempt property upon the following grounds:

1. Because she had not filed a full inventory and appraisement of the property belonging to the estate.

2. Because no order of sale of the estate for the payment of debts had been made.

3. Because a business belonging wholly or in part to said estate was

being conducted in the town of Sweetwater by the administratrix, no exhibit of which or of the condition of the estate having been filed.

The petitioners prayed that the administratrix be required to file a complete inventory of all the effects of the estate, including an exhibit of the management of said business and of the condition of the estate generally, and for an order disallowing the application of the administratrix and directing the sale of the property to pay debts.

An order was entered requiring the administratrix to return an exhibit including a statement of said business. The administratrix filed at the May Term, 1884, an exhibit showing—

1. A list of claims presented to and allowed by her within the first twelve months of administration.

2. A list of the property shown by the inventories and list of claims previously filed, amounting as appraised and listed to the gross sum of $2294.25.

She claimed credits as follows:

1. Amount of funeral expenses paid, $113.25.

2. Year's allowance for widow, $200.

3. Property selected by the widow in lieu of exempted property not existing in kind, $500.

4. Credit allowed on affidavit of A. B. Robinson, $10.

5. For appraised value of billiard and pool table and iron safe sold as mortgaged property by order of the court, $475.

6. Amount of insolvent claims, $297.50.

7. Property ordered to be sold appraised at $286.05.

8. Balance of property, the property converted to her own use by the administratrix, for which she charges herself the appraised value, $412.45.

The administratrix prays that out of the proceeds of the property ordered to be sold and out of the property converted by her, the expenses of administration be paid and the remainder distributed among the creditors. She denies the estate having any interest in any business establishment. This report was sworn to by the administratrix.

The creditors excepted to the exhibit:

1. Because it did not contain an itemized statement of the goods unlawfully converted by the administratrix and the date of such conversion and the use to which the property was applied.

2. To claims shown in the exhibit to have been accepted in favor of W. C. Johnson & Co., amounting to $522.73, because the administratrix is a member of said firm, and because they have not been established as required by law.

3. To the credit for appraised value of billiard and pool table and iron safe, because the report shows no lawful reason why such credit should be allowed.

4. To the credit of $297.50 on account of insolvent claims, because no reason is shown in favor of such allowance.

5. Because the report does not contain an itemized statement of moneys received and disbursed by the administratrix.

6. Because the report does not show the disposition of the inventoried property and its proceeds, or what there remained of it in her hands.

The petitioners made divers other objections to the exhibit, and prayed for the sale of certain land belonging to the estate for the payment of the debts.

The County Court refused to the petitioners the relief asked, and they appealed to the District Court.

The objecting creditors united in the same appeal bond. The administratrix moved in the District Court to dismiss the appeal on account of misjoinder of parties in the appeal bond, which motion was overruled.

The administratrix amended her pleadings in the District Court, alleging in substance:

1. That the claims in favor of W. C. Johnson & Co., after being allowed by the administratrix had been approved by the Probate Court, as required by law, and were judgments against the estate and not liable to attack in this proceeding.

2. That the court was without jurisdiction to order the sale of real estate as prayed for, because no real estate had been inventoried as the property of the estate.

3. That the real estate referred to did not belong to the estate of her intestate, but was her separate property, and she had resided upon and then claimed it as her homestead.

4. That the claim of $452.23 in favor of said W. C. Johnson was secured by a mortgage on certain property belonging to the estate which had been sold by order of and reported to the court, and said sale had been confirmed.

The District Court rendered judgment sustaining exceptions of creditors to the exhibit, as follows:

1. Because it did not contain an itemized statement of all the property belonging to the estate that had come into the hands of the administratrix and by her converted to her own use and the date of such conversion.

2. Disapproving the claim of W. C. Johnson & Co. for $69.80.

3. Disapproving item of $475, appraised value of billiard and pool table and iron safe.

4. Disapproving item of $297.50, credited as insolvent claims.

5. Disapproving the item of $286.05, alleged value of estate still in the hands of the administratrix.

The District Court refused to order the sale of the land, and ordered the administratrix to make a report to the County Court of Nolan County

exhibiting fully the condition of the estate and her administration thereof, including a statement of what amount of the assets of the estate had been by her invested in the partnership concern of W. C. Johnson & Co., and making known the exact condition of that firm, detailing its trans-actions, expenses, and earnings.

The administratrix was also ordered to forthwith pay, pro rata, to the creditors of the estate the funds belonging to it shown by her report to be in her hands.

There is no statement of facts in the record.

The conclusions of the court are as follows:

First.    The exhibit of the administratrix does not contain a properly itemized statement of the property of the estate converted by her to her own use.

Second.    That a partnership between W. C. Johnson and the admin-istratrix was formed soon after the grant of letters of administration, and all of the property of the estate was invested in the firm by the adminis-tratrix in her own name, and no account of said business has been ren-dered by the administratrix.

Third.    That the claim for $69.80 was never approved by the Probate Court.

Fourth.    There was no evidence tending to show the administratrix to be entitled to a credit of $475 on account of billiard and pool table and iron safe.

Fifth.    That no proof of the insolvency of any of the claims compos-ing the item of $297.50 was produced.

Sixth.    The report contains no itemized statement of money received and disbursed by the administratrix, and does not show what disposition has been made of the property of the estate, nor what remains in her hands.

Seventh.    The report shows cash in the hands of the administratrix amounting to the sum of $412.25, but does not show when it came into her hands or to what use it has been applied.

Eighth.    That the administratrix is not entitled to credit for $286.05 property on hand.

Ninth.    That the land sought to be sold is the separate property of the administratrix and part of her homestead.

The errors assigned relate to the refusal of the District Court to dis-miss the appeal and its action in sustaining exceptions to the administra-trix's report.

The creditors joined in their pleadings without objections, and we find no error in that or in their uniting in making an appeal bond.

We do not think it useful to discuss separately the many assignments of error relating to the action taken by the court upon the exhibit of the administratrix.    We think the judgment of the court sustaining excep-

tions to the exhibit and requiring the administratrix to make a full report of the condition of the estate and of its administration by her to the County Court of Nolan County was correct. We also approve the judgment of the District Court refusing to order a sale of land. We think whatever errors or irregularities were committed by the District Court were occasioned by the manner of presentation of the case, and they need not occur again in the administration of the estate in the County Court.

In the first place we do not think the proceeding to have additional property inventoried can be properly included in a proceeding to require the administratrix to make an exhibit of the condition of the estate.

If the creditors believed property held by the firm of W. C. Johnson & Co. belonged to the estate of the intestate and had not been included in any inventory or list of claims of the estate, their proper course was to petition the court to require the administratrix to be cited to appear before the court and show cause why the additional effects pointed out by the creditors should not be included in an additional inventory. Rev. Stats., art. 1921. Upon proof being made that additional property belonged to the estate it would have been the duty of the court to order the administratrix to make an additional inventory or list and to have the property appraised. Rev. Stats., arts. 1920, 1922.

It is not proper to bring new or additional property into the administration through the exhibits of the administrator instead of through an additional inventory and list of claims, so that the property may be appraised and the amount of security to be given by the administrator determined and regulated.

Immediately after the inventory and list of claims have been completed it is the duty of the court to make such allowances to the widow and children for their year's support and in lieu of exempt property, as they may be found entitled to receive.

The creditors have no right to delay or prevent such orders by an application to have an exhibit of the condition of the estate returned. To make these orders no information of the condition of the estate is required, except such as is furnished by the inventory and appraisement and list of claims.

While it is a matter of right for the year's support and allowances in lieu of exempt property to be set aside for the widow and children, it is for the court to make the order and designate the property to be taken, and not for the parties entitled to arbitrarily select and take it out of the administration.

Until the proper orders are made by the court the administrator is not entitled to credit for the property.

No claim can be paid to a creditor by the administrator until it, after being properly verified, has been allowed by the administrator and approved by the court; and the court having found as a fact that the two

claims in favor of W. C. Johnson & Co. had not been approved by the court they were properly disallowed.

Except such property as may be turned over to the administratrix, when she is the widow of her intestate, in discharge of her allowances, she can not take, dispose of, or hold any of the property of the estate, charging herself with and accounting for its appraised value.

The objection to the exhibit in this respect is not that the administratrix failed to specify the particular items of property and the dates of their appropriation by her, so that she could be charged with their value from the time of their misappropriation, but it was in her not showing either that all of the property that had come under her control as administratrix was on hand or that she had disposed of it as the law directs. If she had misappropriated any of it the proper remedy, and the only one, was to hold her and her securities by a suit on her bond responsible for the damage sustained by the estate by the misapplication of its property.

The statute positively forbids an executor or an administrator taking the property at its appraised value, and when it has been done the proper action for the court to take is to remove the offender and appoint a successor, whose duty it will be to protect the estate by instituting suit upon the bond of the delinquent.

It was not proper in this case to accept a report from the administratrix showing that she had converted the property of the estate to her own use and charging her with its appraised value, either with or without interest, or to accept a report of the value of property on hand in lieu of the property itself.

If there was unadministered property on hand the inventory, in connection with the order of court, reports, and exhibit, would show it, and such orders as the law requires with regard to its disposition should be made.

If, after including the property in an inventory or list of claims, property belonging to the estate had been misapplied by using and consuming it in the business of the firm of W. C. Johnson & Co., the proper remedy is not to cause an account to be rendered to get at the condition of that firm so as to bring the property and its profits into this administration as if the estate had been a member of the firm, but simply to ascertain if the property of the estate has been so misapplied, and if it has the administratrix ought to be removed and her successor appointed.

In a suit upon the bond of the removed administratrix a recovery may be had for the value of the property with interest on it from the date of its misapplication, if it was unprofitably employed; or if profit was made out of it, for such profit, as well as for the value of the property when misapplied.

The rule as to the necessity of removal of the legal representative as part of the remedy applies only when property subject to appraisement has been converted and can not be returned. When the misappropriation

is of money or claims, that remedy may not be necessary, as a proper accountability may be otherwise enforced. In that case the rule of law that it "shall not be lawful for any executor or administrator to take the estate of his testator or intestate, or any part thereof, at its appraised value," would not be violated.

The judgment refusing to order the sale of the land was proper, both because it was found to be part of the homestead, and because if not homestead and consequently subject to sale, it had not been inventoried and appraised.

When an administrator seeks credit for insolvent claims with which he stands charged as solvent claims some evidence of their worthlessness ought to be offered. The oath of the administrator to his report may in some cases, and when the fact is not contested, be sufficient. We are not able in this case to say that the administratrix ought to have been allowed the credit without any evidence to sustain it when it was put directly in issue by the objections of the creditors.

The record before us does not sufficiently apprise us of the condition of the estate nor of previous orders made during the course of its administration to enable us to reverse the judgment and render one. The administratrix ought, in the first place, as we have suggested, to be required, if it can be shown that there is any property belonging to the estate not included in her inventories or list of claims, to return an additional inventory including it.

In the next place, if she is entitled to a year's support and an allowance in lieu of exempt property it should be given her if the order has not already been made. Whatever changes have been made of the property by sale or otherwise should be shown, as well as the specific disposition of the proceeds. If there remains on hand property liable to sale for the payment of debts its sale should be ordered. If property not on hand has been unlawfully disposed of proper steps to remedy that wrong ought to be taken as above suggested. If claims or other property have without the fault or negligence of the administratrix become valueless she ought upon satisfactory proof to be credited with such at the proper time, which will be on final settlement and not in passing upon her annual exhibit.

If, after the exhibit has been fully and correctly stated, an amount of money shall be found in the hands of the administratrix appropriated by the law to the payment of the costs of administration and debts of the estate, an order for their payment should be made, having regard to the class of the debts as well as to pro rata payment of debts of the same class.

The judgment of the District Court ordering payment of the money on hand pro rata without regard to the classification of the claims must be reversed and the cause remanded; and it is so ordered.

*Reversed and remanded.*

Delivered June 7, 1889.