### J. F. WINGO ET AL. v. JOE RUDDER ET AL.

No. 1986. Decided February 9, 1910.

**1.—Limitation—Community Property—Bond of Survivor.**

The surviving husband, having given bond to account to the heirs of the wife for their interest in community property and sold same, became liable thereupon to an action by the heirs for their interest in the proceeds, and limitation then began to run in favor of him and the sureties upon his bond against such action. The doctrine that his possession of the community property would not be deemed adverse to the heirs, his cotenants therein, does not apply in such case. (Pp. 151, 152).

**2.—Same—Cases Discussed.**

Miller v. Miller, 34 Texas Civ. App., 367, followed, and Taylor v. Taylor, 6 Texas Civ. App., 496, distinguished. (P. 152).

Questions certified from the Court of Civil Appeals for the Third District in an appeal from Milam County.

*Henderson & Lockett,* for appellants.—A survivor who has qualified to manage and control and dispose of the community property, is not an "administrator," and the bond given by him is not an administrator's bond within the meaning of article 3357, R. S., providing that suits on the bond of any executor, administrator or guardian shall be commenced and prosecuted within four years next after the death, resignation, removal or discharge of such executor, administrator or guardian, and not thereafter. Huffman v. Schmidt, 65 Texas, 585, 586; Acts 1848, p. 235; 3 Gam. Laws, 235, id., sec. 114, sec. 42, 115-118; Acts, 1876, p. 93, 8 Gam. Laws, 929; Pasch. Dig., 4646 et seq.; id., art. 1375, 3923; Rev. Stats., Final Title, sec. 19; cf. Rev. Stats., 1194, sec. 6, and construction in Jones v. McRae, 16 Texas Civ. App., 308; Rev. Stats., art. 2284, and construction in Mann v. Earnest, 6 Texas Civ. App., 606; Rev. Stats., art. 1344, and construction in Tucker v. Brackett, 28 Texas, 336; Rev. Stats., art. 1408, and construction in Wingfield v. Hackney, 95 Texas, 490; Rev. Stats., art. 1443, and construction in Bank v. Jones, 22 Texas Civ. App., 45; Marlow v. Lacy, 68 Texas, 155.

The (quasi) trust imposed upon the survivor who qualifies to manage, control and settle the affairs of the community partnership is not such a direct, technical and continuing trust (not at all cognizable at law but falling within the proper, peculiar and exclusive jurisdiction of courts of equity) as to be exempt from the operation of the statutes of limitation; it is merely a right and power to manage and control the property for and until the settlement of the debts of the community, and then to account for and pay over to the parties entitled one-half of the surplus remaining; the statute expressly makes it the duty of the survivor "to pay all just and legal community debts

as soon as practicable," and further provides that "after the lapse of twelve months from the filing of the bond by the survivor, the person entitled to such deceased's share of such community estate, or any portion thereof, shall be entitled to demand and have a partition thereof;" and the bond is conditioned that the survivor "will pay over one-half the surplus thereof after the payment of the debts," etc., plaintiffs' cause of action therefore accrued against the survivor, and his bondsmen twelve months after the filing of the bond (October 10, 1887), or, in any event, after a reasonable time for the payment of the community debts, and became barred after four years, and long before the institution of this suit on May 14, 1907. Rev. Stats., 2226, 2227, 2230, 2238, 3358; Albrecht v. Albrecht, 35 S. W., 1076, 1078; Cochran v. Sonnen, 26 S. W., 521; Blount v. Bleker, 35 S. W., 864; 13 Texas Civ. App., 227; 25 Cyc., 1149-1153; Fuller v. O'Neal, 82 Texas, 417; Rev. Stats., art. 76; Kauffman v. Wolf, 77 Texas, 252, 253.

*W. A. Morrison,* (*J. K. Freeman,* of counsel), for appellees.—A community administrator under the law of Texas is a plain statutory trustee of an express trust, and, therefore, limitation will not begin to run in favor of him, or his sureties until after he, or they shall have been discharged in a court of competent jurisdiction, or shall have repudiated the trust in such a clear and unmistakable manner, as will bring notice to the cestui que trust of such repudiation, and as no such discharge is shown, and no such repudiation pleaded or found, and as the trial court expressly found that there had been no repudiation of the trust, limitation has not run against the claim of the appellees. Gumbles v. Gumbles, 17 Texas, 473. See also, Woodward v. Traction Co., 95 S. W., 76; Hunter v. Hubbard, 26 Texas, 537.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

This is a certified question from the Court of Civil Appeals of the Third Supreme Judicial District.

A brief statement of the case and of the question is as follows:

Nancy Mitchell, the mother of the plaintiffs, then being twelve or thirteen years old, in April, 1869, ran away from her father's home in Montgomery County, Alabama, and was clandestinely married to one Hale Windham. They lived together two or three days, when she returned to her father's home and never lived with him again, nor is there any evidence that he ever attempted to get her to come back and to live with him. She was sent to school in La Grange, Georgia, and in that State some time in 1872, she was married to Sam D. Rudder, who is one of the defendants in this suit. Sam D. and Nancy some time after their marriage went to Alabama where they lived a few months and then in the year 1873 or 1874 came to Milam County, Texas, where they purchased a tract of land of seventy-six and one-fourth acres. In 1876 Hale Windham procured a decree of divorce annulling the bonds of matrimony between himself and Nancy Windham. Nancy died September 9, 1887. During all the time Sam D. and Nancy Rudder lived together they were reputed to be husband and wife and they believed themselves to be lawfully

married.   They left six children surviving them, one of whom has died since the death of his mother.

After the death of his reputed wife, Sam D. Rudder made application to the County Court of Milam County for authority as survivor to administer the community estate of himself and of his deceased wife, gave bond as required by law in the sum of $1000 with J. F. Wingo, H. F. Inglehart and W. J. Brewer as his sureties.   Subsequently to his acquiring the right to administer the community estate of himself and of his deceased wife, to wit, on the 14th day of October, 1887, he sold the land above mentioned to W. A. Wingo for $1000 in cash.   The trial court estimated that the plaintiffs were entitled to a judgment for $458.34, with interest from the date of the sale to April 11, 1892, at eight percent per annum and from the latter date to the date of the trial at six percent per annum.   But that since the suit was but for $1000 and since the bond was for that sum only, judgment was actually given for $1000 only.

The question certified is, was appelleees' demand barred by the statute of limitation?

If this were a question as to the recovery of their interest in the land which was sold we think we would have a difficult case.   As long as the survivor holds the community estate and does no act in repudiation of the interests of the heirs of the deceased spouse, he or she holds as tenant in common, and the rule is that the statute of limitation does not run in favor of a tenant in common holding the common property until he has done some act repudiating his relation with his cotenants.   Such is the case of Taylor v. Taylor, 6 Texas Civ. App., 496.   In Miller v. Miller, 34 Texas Civ. App., 367, is one very much like the present case.   There a father of the plaintiffs owned a two hundred acre tract of land which was conceded to be community property between the father and their deceased mother. Their right to an interest in that tract was not contested and they had judgment therefor.   But there was testimony tending to show that at the time of Mrs. Miller's death there was a considerable sum of money and other personal property on hand .and in possession of the father which in a few years after the death of his wife he converted to his own use.   As to a recovery for this it was held that the plaintiffs were barred by the statute of limitations and a writ of error was refused by this court.

In this case the father as survivor of the community estate sold the land for $1000, not so far as the evidence discloses to pay debts. There was no reason why he should not have paid one-half of it to his wife's heirs.   He had no defense for an action for a recovery of that half.   Why the wife's heirs should not have sued him we do not see; and therefore we see no good reason why the statute of limitations did not apply.

We answer that in our opinion the action was barred by the statute of limitation.