RAY et ux. v. VAN DEVENTER et al.
(No. 1358.)

(Court of Civil Appeals of Texas. Beaumont.
March 5, 1926.)

1. Tenancy in common ⊙—13.

Ordinarily, possession by one cotenant is presumed in right of common title, and to inure to benefit of cotenants out of possession.

2. Tenancy in common ⊙—15(2).

Limitations will not run in favor of cotenant in possession against tenants out of possession, unless latter have knowledge that claim of tenant in possession is adverse.

3. Tenancy in common ⊙—15(10).

Evidence showing continuous possession for 30 years or longer by cotenant *held* to establish title by adverse possession against other cotenants knowing of his adverse claim.

Appeal from District Court, Liberty County; J. M. Combs, Judge.

Suit by C. H. Lacour and another against Mrs. Martha Van Deventer and others, whereJ. O. Ray and wife joined as parties plaintiff. Plaintiffs dismissed their suits, and from a judgment for defendants on their cross-actions, plaintiffs last named appeal. Affirmed.

Howth, Adams & Hart and J. A. Wisong, all of Beaumont, for appellants.

E. B. Pickett, Jr., and C. H. Cain, both of Liberty, and Kennerly, Williams, Lee & Hill, of Houston, for appellees.

HIGHTOWER, C. J. C. H. Lacour and J. V. Lacour, as original plaintiffs, filed this suit in the district court of Liberty county seeking to recover an undivided one-fourth interest in and to a tract of land, a part of the David Minchey league in Liberty county, and alleged to contain 300 acres, less, however, a certain 75-acre tract described in the petition. The defendants made by the original petition of the Lacours were Mrs.

Martha Van Deventer, a widow, Mrs. Nena Mahavier and her husband, Charles Mahavier, Quitman Van Deventer, the Texas Company, the Gulf Production Company, and the Higgins Oil & Fuel Company. Afterwards the original plaintiffs, C. H. Lacour and J. V. Lacour, filed a first amended original petition in which they were joined by Mrs. Annie Ray and her husband, J. O. Ray, the two latter being the appellants here, but the defendants in the amended petition were the same as before. In the amended petition the plaintiffs prayed to recover an undivided two-fifths interest in the 300-acre tract of land. Afterwards the trial court granted an order of severance as between the plaintiffs and the Texas Company. The appellees here, Mrs. Van Deventer, Mrs. Mahavier, and her husband, and Quitman Van Deventer, and the Higgins Oil & Fuel Company, duly filed their answers to the amended petition, pleading general denial, not guilty, and also interposing as a defense the three, five, and ten year statutes of limitation. In addition to this Mrs. Van Deventer, Mrs. Mahavier and husband, and Quitman Van Deventer pleaded over, by way of cross-action against all the plaintiffs, to recover a definitely described 120 acres of land, a part of the 300-acre tract, and they also alleged affirmatively their title thereto under the three, five, and ten year statutes of limitation. The Higgins Oil & Fuel Company also, by way of cross-action, sought to recover a specifically described 25-acre tract out of the 300-acre tract, and that company also pleaded its title to the 25 acres affirmatively under the two, three, four, five, and ten year statutes of limitation.

Thereafter the original plaintiffs, C. H. Lacour and J. V. Lacour, dismissed their suit, and later the other plaintiffs, Mr. and Mrs. J. O. Ray, dismissed their suits as plaintiffs, and the cause was then left pending upon the cross-actions of the appellees here, which involved, in the aggregate, 145 acres out of the 300-acre tract described by metes and bounds; the 120 acres being claimed by Mrs. Van Deventer, Mrs. Mahavier and her husband, and Quitman Van Deventer, and the other 25 acres being claimed by the appellee Higgins Oil & Fuel Company. Thereupon Ray and wife, appellants, answered to these cross-actions, interposing a general demurrer, general denial, and pleas of not guilty.

A jury was demanded in the case, but the trial court, upon conclusion of the evidence, peremptorily instructed the verdict in favor of the appellees here, and judgment was entered upon the verdict as directed. Mrs. Van Deventer, Mrs. Mahavier and her husband, and Quitman Van Deventer, were awarded the particular 120 acres described in their cross-action; the Higgins Oil & Fuel Company being awarded the particular 25-acre tract described in its cross-action. None of the plaintiffs have appealed except J. O. Ray and wife.

By their assignments or error and propositions appellants challenge the action of the trial court in peremptorily instructing the verdict against them on two main grounds. These are, stated in substance, that the evidence adduced upon the trial showed that appellant Mrs. Ray, as a tenant in common with Mrs. Van Deventer, was entitled to recover a one-fifth undivided interest in the land sued for by her, and that, therefore, the peremptory instruction against her was erroneous. She next contends that the court was not warranted, in view of the state of the evidence as it developed upon the trial, in peremptorily instructing the verdict in favor of the appellees on their pleas of limitation, or any of them.

It would serve no useful purpose for this court to determine whether Mrs. Ray showed herself to be a tenant in common with Mrs. Van Deventer or any of the appellees to the land in controversy, and we shall not enter into a discussion of that question, for we are convinced beyond any doubt that the appellees established title to the land recovered by them under their pleas of limitation of five and ten years, and, therefore, if the court had submitted to the jury such pleas of limitation, and the jury found against them, the trial court would have been compelled to set the verdict aside as being wholly unsupported by the evidence.

It has been the custom of this court, where we affirm the trial court's judgment, not to discuss the evidence in detail bearing upon the issues of fact involved in the judgment, but only to conclude and state our conclusions as to the correctness of the trial court's action on such issues of fact. Where we reverse the trial court's judgment or

Therefore, in keeping with our custom, we shall not discuss in detail any of the evidence bearing upon the pleas of limitation interposed by the appellees, but will say that in our opinion the evidence as a whole showed beyond doubt that Mrs. Van Deventer and cotenants of hers, whose interest she had acquired long before this suit was filed, have had and held peaceable and adverse possession of the land involved in this suit, and awarded to the appellees by this judgment for a period of not less than thirty years. Such possession has been peaceable, continuous, open, notorious, and exclusive, and no reasonable and fair-minded jury could have found otherwise.

[1, 2] We are not unmindful of the rule well established in this state that the possession of land by one cotenant is presumed to be in right of the common title and to inure to the benefit of cotenants not in possession, and that the statutes of limitation will not run in favor of the cotenant in possession against those out of possession, unless it be clearly shown that the cotenants out of possession had actual knowledge or notice that the cotenant in possession was holding and

claiming the land adversely to 'a cotenant not in possession. This court has applied that rule in the comparatively recent case of McBurney v. Knox (Tex. Civ. App.) 259 S. W. 667. See, also, Wingo v. Rudder, 124 S. W. 899, 103 Tex. 150; (Tex. Civ. App.) Le Blanc v. Jackson (Tex. Com. App.) 210 S. W. 687; Terry v. Terry, 228 S. W. 299; Stiles v. Hawkins (Tex. Com. App.) 207 S. W. 89; Davis v. Houston Oil Co. (Tex. Civ. App.) 162 S. W. 913; Martinez v. Bruni (Tex. Civ. App.) 235 S. W. 551; Liddell v. Gordon (Tex. Com. App.) 254 S. W. 1098.

[3] But in this case the evidence, considered as a whole, shows that Mrs. Ray and her husband, J. O. Ray, had actual knowledge as long ago as thirty years, if not longer, before this suit was filed that Mrs. Van Deventer and her cotenants, whose interests Mrs. Van Deventer purchased, claimed the land in controversy adversely, and that such claim was continuous and unbroken, while they and their tenants were in actual possession of the land in controversy during all of such period of time, and Mrs. Ray knew that Mrs. Van Deventer and her cotenants, whose interests she purchased, were claiming during all of such period of time to be the exclusive owners of the land, and at no time recognized any right, title, or interest thereto in Mrs. Ray. For that reason we hold that the trial court was correct in peremptorily instructing the verdict, since there was no issue of fact to go to the jury upon which reasonable minds might differ.

Counsel for both parties to this appeal have exhaustively and ably briefed this case, and we have been greatly assisted by their briefs, but, regardless of the reason that prompted the trial court to peremptorily instruct the verdict, it must be held that his action was correct, because the appellees were entitled to that instruction under their pleas of limitation. The judgment has been ordered affirmed.