(d) It is adjudged that no valid appropriation exists to pay the judgment in favor of National Biscuit Company hereinabove awarded.

### FIDELITY UNION INS. CO. et al. v. HUTCHINS et al.

Motion Nos. 14282, 14286; No. 7376.

Supreme Court of Texas.

Jan. 24, 1940.

For former opinion, see 133 S.W.2d 105.

Wagstaff, Harwell, Wagstaff & Douthit and Cox & Hayden, all of Abilene, and Malone, Lipscomb, White & Seay, of Dallas, for plaintiffs in error.

Kirby, King & Overshiner, of Abilene, for defendants in error.

CRITZ, Justice.

The above-mentioned and entitled cause is before the Supreme Court on two motions for rehearing—Motions Nos. 14282 and 14286. The first motion just mentioned was filed by the defendants in error, Tate Hutchins et al. The other motion was filed by Commercial Casualty Insurance Company, plaintiff in error.

We have read and fully considered Motion No. 14282 filed by Tate Hutchins et al., and in our opinion same should be overruled.

In Motion No. 14286 filed by Commercial Casualty Insurance Company, our attention is called to an error in our original opinion with reference to some of the names of the several insurance companies involved in this record. In our original opinion 133 S.W.2d 105, 108, it was stated: "After the entire community estate here involved had been lost to these minor plaintiffs, and even to the qualified community survivor, in the manner above detailed, these plaintiffs, who are the minor sons of G. B. Hutchins and his deceased wife, Eula E. Hutchins, by next friend, sued G. B. Hutchins, the survivor, and the surety on his official bond, Fidelity Union Casualty Company, a corporation, to recover a money judgment for the value of their one-half interest in the community estate here involved. Commercial Casualty Company, a corporation, is also sued. As shown by the opinion of the Court of Civil Appeals, the two corporations just named were consolidated after this bond was executed and approved. The corporation last named took over all the assets of the corporation first named, and assumed all its liabilities, except no liability was assumed for any loss accruing prior to January 1, 1931."

The facts are that this suit was filed by these minor plaintiffs against their father, G. B. Hutchins, and also against Fidelity Union Insurance Company, and Commercial Casualty Insurance Company. Fidelity Union Casualty Company was not sued. Fidelity Union Casualty Company was the original company that executed G. B. Hutchins' bond as surety in August, 1928. In 1930, Fidelity Union Casualty Company and Fidelity Union Insurance Company were consolidated, and Fidelity Union Insurance Company, plaintiff in error, took over the assets of Fidelity Union Casualty Company and assumed all its liabilities. On January 1, 1931, Commercial Casualty Insurance Company, one of the defendants here, entered into a contract with Fidelity Union Insurance Company by the terms

of which it assumed certain liabilities on the bond in this suit. The opinion of the Court of Civil Appeals, which we quoted with approval in our original opinion, sets out the true facts in regard to the matters under discussion. We withdraw the above-quoted statement in our original opinion, and here now substitute therefor this opinion and the portion of the opinion of the Court of Civil Appeals which we quoted and approved in our original opinion.

This correction does not alter the result of our original holding. We still adhere to our original opinion with reference to all matters, except the corrections here made.

It is ordered that the two motions for rehearing above mentioned be, and the same are, in all things overruled.