## KRUSE et al. v. SANDERS et al.

### No. 9887.

Court of Civil Appeals of Texas. Austin.

June 7, 1950.

748

A. W. Hodde, of Brenham, for appellants.

Moss & Moss and Miles L. Moss, of La Grange, for appellees.

GRAY, Justice.

This is an appeal by Etta Sanders Kruse, joined by her husband, Herbert Kruse, and Jessie J. Sanders from a judgment denying them any relief in their suit against the devisees and the executrix of the will of Carlos W. Sanders, deceased. Their claim for relief being based on the failure of Carlos W. Sanders to account to them for their share of their deceased mother's estate.

Appellants, Etta Sanders and Jessie J. Sanders, are the children of Carlos W. Sanders and his first wife, Etta Sanders, who died in January 1893. In December 1893 Carlos W. Sanders qualified as community survivor and inventoried one tract of land as belonging to the estate of himself and deceased wife, but no debts were listed. On December 5, 1894, he, for himself and as community survivor, conveyed this land for a cash consideration of $850. At the time of the mother's death, Mrs. Kruse was about four days old and Jessie J. Sanders was a minor. Later, Carlos W. Sanders married Laura Coleman Sanders and to this marriage there were born Hubert Coleman Sanders, Vivian Sanders Hodson, Clyde L. Sanders Bennett, and Gobel Sanders, appellees. Laura Coleman Sanders died testate June 8, 1943, leaving her estate to Carlos W. Sanders for life, with the remainder to their four children. Carlos W. Sanders died testate on July 18, 1949, without having made any accounting to appellants for their share of the proceeds of the sale of the community of the first marriage. By his will he devised his land to the children of his second marriage, and, after the payment of all just debts, bequeathed the remainder of his estate to appellants. (Though it appears there was a small sum of money belonging to the estate, it does not appear what became of it except that it was not received by appellants; the only property passing under the will was three tracts of land.) Mrs Vivian Hodson was named independent executrix of the will, so qualified, and, as such, was before the trial court. It is shown that the bondsmen of Carlos W. Sanders as community survivor are dead and left no estates.

There were three tracts of land which passed under the will of Carlos W. Sanders, and appellants sued (1) to recover a share in those tracts in the proportion that their

share of the proceeds of the sale of the community of the first marriage bears to the purchase price paid by Carlos W. Sanders for said three tracts; (2) to fix an implied lien on said three tracts of land in the proportion that their share in the proceeds of the sale of the community of the first marriage bears to the purchase price of said three tracts; or (3) for judgment against the estate for their share of the proceeds of the sale of the community of the first marriage.

After the sale of the land of the community estate of the first marriage, Carlos W. Sanders purchased and sold numerous tracts of land, engaged in the business of owning and keeping a livery stable, a saloon, a drugstore, produce business, and was engaged in the livestock business. The tracts of land involved here were purchased by him October 21, 1912, March 27, 1921, and July 12, 1937, each respectively.

Appellees' answers consist of general and special denials, pleas of limitation and cross-actions of trespass to try title.

Appellants' first amended original petition was filed November 14, 1949, and recited it was an amendment of the original petition filed October 4, 1949. This was the first demand appellants made for an accounting. Mrs. Kruse said she had never made any demand for her share of her mother's estate because: "I was always advised not to, that some day he would give it to me." She said her aunt so advised her, but there is no further explanation and no showing of any promise or statement made by Carlos W. Sanders evidencing an intention on his part to so account.

Appellants present two points. The first is to the effect that the community survivor is required to keep a full account of the expenses, of the disposition made of the community property and, upon final partition of the estate, to account to the legal heirs for their share of the property. The second point is to the effect that because the will of Carlos W. Sanders provides: "I direct that all my just debts and funeral expenses be first paid out of my estate * * *," the debt due them as legal heirs of the first community is directed to be paid out of the estate.

The date of Mrs. Kruse's marriage is not shown. The bond of Carlos W. Sanders as community survivor was approved December 26, 1893, and it then became his duty to account to the legal heirs for their share of the estate, at least from twelve months after the execution and approval of the bond, and this was a continuing duty until the claims were barred by limitation. Fidelity Union Ins. Co. v. Hutchins, 134 Tex. 268, 133 S.W.2d 105, 135 S.W.2d 695.

Mrs. Kruse was born in January 1893, and Jessie J. Sanders was an older brother, though his birth date is not shown. At any rate, both attained the age of twenty-one not later than January 1914. Limitation has run against Jessie J. Sanders, and, also, against Mrs. Kruse whether she married before or after she became twenty-one, for the reason that the period of limitation can not be extended by connecting the disability of minority with that of coverture. Hobbs v. Boyd, Tex.Civ.App., 292 S.W. 947; Collins v. Griffith, Tex.Civ. App., 125 S.W.2d 419, Er.Ref.

We think the claims were barred by the two and the four-year statute of limitation. Vernon's Ann.Civ.St. arts. 5526, 5527. Wingo v. Rudder, 103 Tex. 150, 124 S.W. 899; Simons v. Ware, Tex.Civ.App., 219 S.W. 858. And it is not material whether we regard the suit as being for the recovery of an interest in land, an action for debt founded on the bond, or merely a suit for a debt. Cowart v. Russell, 135 Tex. 562, 144 S.W.2d 249.

While it is true, we think, a testator may direct the payment of debts which are barred by limitation, and if such intention is expressed in the will, then it will govern whether the language is sufficient to constitute a new promise or not. Campbell v. Shotwell, 51 Tex. 27. However the general direction of the testator made in his will directing that all his just debts be paid can not be so construed as to include debts that are barred by limitation.

Suhre v. Benton, Tex.Civ.App., 25 S.W. 822, 57 Am.Jur., p. 765, Sec. 1169.

The judgment of the trial court is affirmed.

Affirmed.