**Mrs. Exa WILLIAMS, Appellant,**

v.

**Mrs. Ila Mae KRUEGER, Individually and as Independent Executrix under the Will of W. T. Williams, deceased, Appellee.**

No. 3953.

Court of Civil Appeals of Texas.

Waco.

Nov. 22, 1961.

Rehearing Denied Dec. 14, 1961.

Robert W. Brown, Byron McClellan, Gatesville, for appellant.

H. J. Cureton, Jr., Charles K. Wo-d, Meridian, J. V. Hammett, Lampasas, for appellee.

WILSON, Justice.

The issue is whether a savings and loan certificate and a bank deposit constituted community property of deceased testator and his wife.

Several years before his death testator deposited $10,000 with a savings and loan association for which he received an investment share account certificate issued in the names of himself "and/or" a daughter by his first marriage. At the time of issuance of the certificate, testator signed a "joint control card" form furnished by the association to which he also signed his daughter's name. Beneath the signatures were the printed words, "or payable to the survivor of either." The certificate is not in evidence, and the record does not show whether it contained such survivorship clause.

Testator made the deposit by a check on a bank account, funds in which were found by the trial court to constitute community property of testator and appellant, his wife. Under the undisputed facts, these funds were community property. Separate and community funds were indiscriminately commingled during a ten year period so that testator's separate moneys completely lost identity. Hodge v. Ellis, 154 Tex. 341, 277 S.W.2d 900, 907; Smith v. Buss, 135 Tex. 566, 144 S.W.2d 529, 532; Rippy v. Rippy, Tex.Civ.App., 49 S.W.2d 494, 496, writ ref.; Odell v. Odell, Tex.Civ.App., 306 S.W.2d 914, 918, writ ref. n. r. e.; Stanley v. Stanley, Tex. Civ.App., 294 S.W.2d 132, 136, writ ref. n. r. e., cert. den. 354 U.S. 910, 77 S.Ct. 1296, 1 L.Ed.2d 1428; Cook v. Cook, Tex. Civ.App., 331 S.W.2d 77, 79.

Testator's daughter, as independent executrix, filed an amended inventory in the probate proceedings reciting that these funds were deposited with the association by testator, that she was given joint control, and considered the certificate to be her property by contract. The probate court approved this inventory. On appeal the

district court concluded that testator and his daughter did not create a right of survivorship under Section 46, Texas Probate Code, V.A.T.S., because there was no agreement in writing as therein provided; but that the purchase of the certificate by her father constituted a gift in praesenti to her of a one-half interest therein. It was ordered that the value of the remaining half interest be inventoried as community property.

Appellant challenges the determination that the father made a gift of his community interest. There is nothing in the record apart from that above recited to evidence any donative intent on the part of the testator. Neither appellant nor the daughter were present when he purchased the certificate. There is no evidence the daughter made any prerequisite acceptance, or that she knew of the transaction before testator's death. To effect a gift in praesenti, transfer of title "must be so complete that the donee might maintain an action for conversion of the property," and the donor must intend to part with all dominion and control. Fleck v. Baldwin, 141 Tex. 340, 345, 172 S.W.2d 975, 978; Harmon v. Schmitz, Tex.Com. App., 39 S.W.2d 587, 589. The mere deposit of funds by the owner in the name of another, or in their joint names, without other evidence of donative intent is uniformly held insufficient to establish a gift. Fleck v. Baldwin, above; Olive v. Olive, Tex.Civ.App., 231 S.W.2d 480, 483; Pruett v. First Nat. Bank of Temple, Tex.Civ.App., 175 S.W.2d 658, 663; Reed v. Reed, Tex. Civ.App., 283 S.W.2d 311, 314; Benavides v. Laredo Nat. Bank, Tex.Civ.App., 91 S.W.2d 372, 374 (no writs); 66 A.L.R. 884; 103 A.L.R. 1128; 149 A.L.R. 883; 20–B Tex.Jur., Gifts, Secs. 13, 20; II Baylor L. Rev., 224. That rule, we think, is here applicable, and the essential elements of gift in praesenti do not exist.

The parties analyze and urge application of the decision in Hilley v. Hilley, Tex.Sup., 342 S.W.2d 565. Except for the portion of the opinion which holds the elements of gift in praesenti are not there present, we do not think the decision affects this case. Adams v. Jones, Tex.Civ.App., 258 S.W.2d 401 and Johnson v. Johnson, Tex.Civ.App., 306 S.W.2d 780, writ ref., were joint tenancy cases in which both parties executed the agreement. Chandler v. Kountze, Tex. Civ.App., 130 S.W.2d 327, writ ref., only construed Art. 2580 as not prohibiting joint tenancy or survivorship contracts. The trial court's determination there was no such contract here is unassailed.

The court further modified the inventory by declaring a sum inventoried as a community asset to be the separate property of deceased. Under the record we think it is clearly community property.

The judgment is reversed, and judgment here rendered directing the proceeds of the certificate and the sum of $1708.23 to be inventoried as a community asset of decedent's estate. Upon return of mandate, the Clerk of the District Court is directed to certify this judgment to the County Court for observance. Probate Code, Secs. 255–259; Chefflet v. Willis, 74 Tex. 245, 11 S. W. 1105, 1107.