**Juanita HARRISON, Executrix, Petitioner,**

v.

**Marie PARKER, Respondent.**

**No. C–314.**

Supreme Court of Texas.

July 15, 1981.

Jung & Marley, Tom J. Brian, Crosbyton, for petitioner.

David Cave, Spur, for respondent.

**PER CURIAM.**

This is a claim by Marie Parker against her father's estate for her share of her mother's estate. The trial court held the claim was barred by the two year statute of limitations. The court of civil appeals reversed the judgment of the trial court and remanded. 613 S.W.2d 80.

The principal community asset of D. F. and Maudie Martha Jackson was 320 acres of farmland. Maudie died intestate and D. F. qualified as community administrator. He managed Maudie's estate for thirteen years before selling the land. When D. F. died fourteen years after the sale, there had never been a distribution of Maudie's share of the estate to their children.

The court of civil appeals rejected *Wingo v. Rudder*, 103 Tex. 150, 124 S.W. 899 (1910) which appears to hold that sale of land by the community administrator is, without more, a repudiation of his relationship with the other joint owners. The court of civil appeals observes that section 167 of the Probate Code, giving the community administrator powers of a statutory trustee, would be abrogated if *Wingo v. Rudder* were followed today. We agree with the court of civil appeals. *Wingo v. Rudder* is overruled insofar as it conflicts with Section 167 of the Probate Code.

The application for writ of error is refused, no reversible error.